ERSKINE v. WILSON.

1. WARRANTY—DEFICIENCY.—Where a tract of land is sold for a sum in gross, by metes and bounds, "containing 253 acres, more or less," with general warranty of the premises, and a plat calling for this number of acres is delivered with the deed, the vendee is not entitled to recover under the covenant of warranty, upon it being made to appear that while the plat was correct in its courses and distances, it was erroneous in its calculation of area, the tract, in fact, containing but 128 acres, there having been no fraudulent misrepresentation.

Before IZLAR, J., Oconee, March, 1893.

Action by W. W. Erskine against James T. Wilson.

*Mr. E. L. Herndon*, for appellant.

*Messrs. Stribling & Shelor*, contra.

April 4, 1894. The opinion of the court was delivered by MR. JUSTICE McGOWAN. This was an action for an alleged

breach of a covenant of warranty in a deed of land sold and conveyed by the defendant to the plaintiff. It appears that the defendant Wilson had purchased the tract of land in question at public sale a short time before August 19, 1883; and on that day, after some negotiation upon the subject, Erskine purchased the same tract of land from him, just as he had bought it, not by the acre but in gross, for $675, and within a few days thereafter delivered to him a deed, which described the land as follows: "All that piece, parcel or tract of land, in the county and State aforesaid, on the old line of the Blue Ridge Railroad, on Martin's Creek, waters of, &c., adjoining lands of W. F. Parker, Joseph Fricks, W. W. Kuhtmann, lands formerly belonging to the German Settlement Society and others, containing two hundred and fifty-three acres, more or less, being the same granted to James Pratt, April 25, 1874." The description in the deed from Pratt to Wilson was identical with that in the above deed from Wilson to Erskine, both containing the usual warranty of title.

Some years after the execution of the deed to the plaintiff, W. W. Erskine, it was discovered that the plat attached to it was all right as to courses and distances, &c., but that the surveyor in estimating the number of acres embraced had made a mistake in stating that there were 253 instead of 128 acres. Thereupon the plaintiff Erskine instituted this action for damages for alleged breach of his covenant of warranty. The defendant answered, denying all liability, and insisting that he sold the land to the plaintiff as a tract by metes and bounds, and that he made no representation whatever to the plaintiff in reference to the number of acres therein, but sold to him the tract of land bounded by W. F. Parker, Joseph Fricks, H. W. Kuhtmann and others," &c.

The cause came on to be heard by his honor, Judge Izlar, and a jury. The plaintiff admitted that the defendant Wilson did not make any false and fraudulent misrepresentations as to the quantity of land embraced in the tract. And the defendant testified that he made no representations whatever as to the quantity of the land, but sold it as he had bought it, not by the acre but by metes and bounds. Upon the close of the tes-

timony his honor, Judge Izlar, passed the following order: "Upon hearing the complaint and answer, and the testimony in the case, and the testimony failing to make such showing as would entitle the plaintiff to recover, under the laws of our State, it is ordered, that the complaint herein be dismissed hence with proper costs."

From this order the plaintiff appeals to this court upon the following grounds: I. Because the evidence showed that pending the negotiation of the sale of the land, and at the time of the sale, the defendant represented to the plaintiff that the tract of land contained 253 acres, which was untrue, and the tract contained in fact only 128 acres, and by reason of these misrepresentations the plaintiff was induced to make the purchase of the land to his injury, and is entitled to the relief prayed for in his complaint. II. Because there was a gross deficiency in the amount of the land sold plaintiff, and he is entitled to the relief prayed for in complaint. III. Because the judgment of the court dismissing the complaint is not sustained by the evidence nor by the law applicable to the case.

We concur in the view taken by the Circuit Judge. There was *no special warranty of quantity*, and the question is whether the deed warranting "the premises" in its description covers more than has been enjoyed under it. There was no contract to sell the land by the acre, but to sell the tract as a whole, lying between certain boundaries and well defined lines. We do not think that the words, "containing 253 acres, more or less," in the connection in which they occur, can properly have the effect of warranting the number of acres, but were rather a part of the description of the premises sold and conveyed to the plaintiff. See *Commissioner* v. *Thompson*, 4 McCord, 434; *Jones* v. *Bauskett*, 2 Speer, 68; and *Douthit* v. *Hipp*, 23 S. C., 205. In the case of Hipp, the late Chief Justice Simpson said: "Where the land is sold as a whole, in gross, under the name by which it is known as a certain tract, though the number of acres in the general description is mentioned, yet accompanied with words 'more or less,' an abatement will not be allowed as a matter of course, because there is a defi-

ciency in the quantity afterwards ascertained. On the contrary, abatement will be refused ordinarily.''

The plat is all right in all respects, the only defect being in the calculation of the surveyor. In the case of *Jones* v. *Bauskett*, 2 Speer, *supra*, Judge Wardlaw, as the organ of the old Appeal Court, said: "When the quantity is a material consideration in the purchase of a tract in gross, the purchaser will either have it expressly *warranted*, or take care that a surveyor be employed, upon whose skill and integrity he can rely. A description by plat is so much more easy and certain' than any other that can be employed, that its use should not be discouraged. It would then be unwise to compel the vendor, without his agreement, to insure the skill of the surveyor and the accuracy of the instruments used, against subsequent discoveries which may show a deficiency of the quantity represented by a plat; and unfair, if he can gain nothing from discoveries, which may show an increase,'' &c.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.