## 8904

### PATTERSON v. WALKER.

### (82 S. E. 432.)

VENDOR AND PURCHASER. CONTRACTS.

Where a tract of land is sold for a sum in gross, by metes and bounds pointed out to the purchaser, as containing twenty acres, and it is subsequently ascertained by a survey that the area within the boundaries was only twelve and 4-10 acres, the vendee is not entitled to recover for the deficiency, on ground of gross mistake, there having been no fraud or misrepresentation on the part of the vendor.

Before ERNEST GARY, J., Barnwell, May, 1913. Affirmed.

Action by A. Patterson against Henrietta Walker and Jerry Walker. From an order of nonsuit, the plaintiff appeals. The facts are stated in the opinion.

*Mr. R. C. Holman,* for appellant, submits: *The variance of 38 per cent. in area shows a gross deficiency:* 69 S. C. 261; 92 S. C. 384, 391, 393.

*Mr. Thos. M. Boulware* and *Mr. Thos. H. Peeples,* for respondent. The former cites: 92 S. C. 384; 41 S. C. 508; Harper L. 292; 54 S. E. 506; 69 S. C. 261; 48 S. E. 50.

July 18, 1914.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an appeal from an order of nonsuit.

On the 10th day of December, 1910, the defendant, Henrietta Walker, executed a deed of conveyance of a tract of land to the plaintiff, which is thus described: "All that certain tract, piece, or parcel of land, situate, lying and being in Barnwell county, in the State aforesaid, containing and measuring about twenty (20) acres, more or less, and bounded as follows: On the north by lands of Floyd

Walker; on the south by lands of Lewis Frazier; and on the west by lands of Sarah Ann Reed. The land herein-above described, being the same conveyed to me, by Briggs Buist & Co."

The complaint alleges, that previous to the times there-inafter mentioned, the defendant, Henrietta Walker, repre-sented to the plaintiff that the tract of land contained twenty acres, more or less.

That the plaintiff went into possession of said tract of land under said deed, believing that the same contained twenty (20) acres, as represented by said deed and said statements as aforesaid, until the 10th day of May, 1912, at which time plaintiff called in a surveyor to run out said tract of land; and then the same was found to contain only twelve and four-tenths (12 4-10) acres.

That said plaintiff bought said tract of land on a basis of twenty (20) acres, that is to say, as plaintiff understood, at the price of twenty-six and 50-100 ($26.50) dollars per acre, the same being one-twentieth of the amount paid therefor, and the actual survey showing only twelve and four-tenths (12 4-10) acres, leaves a deficiency of seven and six-tenths (7 6-10) acres, which at twenty-six and 50-100 ($26.50) dollars per acre, amounts to the sum of two hundred and one and 40-100 ($201.40) dollars.

The demand was for judgment in the sum of two hun-dred and one and 40-100 ($201.40) dollars, and for costs.

The defendant denied each and every allegation of the complaint, and alleged by way of defense, that the sale was in gross, and that the purchase price was agreed upon, by the parties to said deed, without reference to the number of acres contained within the boundaries of said tract of land.

The appellant's attorney conceded that the complaint does not allege fraud or misrepresentation.

The plaintiff testified that the defendant, through her agent, pointed out the land to him by metes and bounds.

At the close of the testimony, his Honor, the presiding Judge, granted a nonsuit, from which the plaintiff appealed.

The appellant's attorney, in his written argument, thus states the main question involved: "Inasmuch as this Court has heretofore refused relief in like cases, unless a gross deficiency in acreage is shown, the first exception raises the main question to be determined, viz.: Does the 7.60 acres shortage out of 20 acres (which equals 38 per cent.) show a gross deficiency?"

In the case of *Erskine* v. *Wilson,* 41 S. C. 198, 19 S. E. 489, it was held, that "where a tract of land is sold for a sum in gross, by metes and bounds, said to contain 253 acres, more or less, with general warranty of the premises, and a plat calling for this number of acres is delivered with the deed, the vendee is not entitled to recover under the covenant of warranty, upon it being made to appear, that while the plat was correct, in its courses and distances, it was erroneous in its calculation of area, the tract, in fact, containing but 128 acres, there having been no fraudulent representation." (*Syllabus.*)

The reasons assigned in that case for refusing relief show conclusively that the exception raising the question under consideration cannot be sustained.

Having reached this conclusion, the other questions raised by the exceptions, are merely academic.

Appeal dismissed.