## 10247

### SHULER v. WILLIAMS.

#### (99 S. E. 819.)

1. VENDOR AND PURCHASER—PERFORMANCE OF CONTRACT—QUANTITY OF LAND—DEFICIENCY.—Where amount of land named in deed exceeds amount included in description, the deficiency, in itself, does not render vendor liable therefor, in absence of written warranty of area.

2. VENDOR AND PURCHASER—MISREPRESENTATION—FRAUDULENT INTENT. —Generally, if there is a misrepresentation in fact by vendor, purchaser who relies thereon is entitled to relief, though vendor did not intentionally misrepresent such fact, since misrepresentation may exist without fraudulent intent.

3. EVIDENCE—PAROL TESTIMONY—DEED.—Words of deed showing with exactness and certainty what land was conveyed cannot be varied by parol.

4. VENDOR AND PURCHASER—QUANTITY OF LAND—LIABILITY OF VENDOR. —Vendor who sells parcel of land parallelogram in shape and exactly 100 feet deep and 80 feet wide at exact valuation per foot is liable to purchaser for any deficiency in the lot actually conveyed.

5. VENDOR AND PURCHASER—QUANTITY OF LAND—LIABILITY OF VENDOR —MISREPRESENTATION.—Vendor who represents lot to be certain number of feet deep and sells it for gross sum without regard to exact size is liable for deficiency, where lot is not the represented number of feet deep.

6. EVIDENCE—PAROL AGREEMENT—DEED.—Where deed is ambiguous as to land conveyed, parol agreement is competent to show intention of parties.

7. VENDOR AND PURCHASER— MISREPRESENTATIONS— RELIANCE UPON— JURY QUESTION.—In purchaser's action for vendor's failure to convey quantity of land represented to be in certain lot, where evidence showed circumstances to be such that purchaser had no reasonable cause to rely on the representation, vendor was entitled to directed verdict.

8. VENDOR AND PURCHASER—MISREPRESENTATION—RELIANCE UPON.—To recover difference in amount of land between that actually conveyed and that represented to be in lot, purchaser must show that he had reasonable cause to rely upon the misrepresentation, and how he came to be misled.

9. VENDOR AND PURCHASER—MISREPRESENTATION—DEPTH OF LOT—RELIANCE BY PURCHASER.—Real estate dealer of 30 years' experience, who had bought lots by the foot, who had carefully considered purchase of certain lot, and who had frequently passed the lot, and had had the time and the facility to measure it before buying, held not misled by vendor's representation as to depth of lot.

Before RICE, J., Aiken, Summer term, 1917. Reversed with directions.

Action by J. T. Shuler against Robert Williams. Judgment for plaintiff and defendant appeals.

*Messrs. Sawyer & Gyles, for appellant,* submit: *The usual warranty clause in a title is not a warranty of the quantity:* 41 S. C. 199-201; 3 Strob. 203, 205; 1 Rich. Rep. 417; 2 Speers 68; Rice's Eq. 56-57; 13 S. C. 209; 98 S. C. 281; 85 S. C. 472-5; 98 S. C. 243; 9 Rich. 517. *Written contracts are not to be changed by parol testimony:* Jones on Evidence, p. 616, sec. 487; 1 McMull, p. 462; 82 S. C. 69; 34 S. C. 420; 13 S. C. 209; 2 Bailey 270; 13 S. C. 219; 98 S. C. 286; 106 S. C. 7; 64 S. C. 539; 41 S. C. 198; 91 S. C. 417; 93 S. C. 125; 94 S. C. 143; 77 S. C. 191; 67 S. C. 285; 1 Am. Rep. 313; 19 S. C. 121; 13 S. C. 340; 42 S. C. 1; 39 S. C. 290; 33 S. C. 243; 29 S. C. 567; 63 S. C. 410; 83 S. C. 206; 61 S. C. 166; 69 S. C. 193; 117 U. S. 531; 46 S. C. 229; 57 S. C. 51; 69 S. C. 91; 53 S. C. 35; 108 S. C. 47. *Carelessness not a ground for relief:* 9 S. C. 40; 21

S. C. 235; 2 Strob. Eq. 149; Story's Eq., secs. 110, 127, 146, 151; Adams' Eq. 11; 2 Hill's Rep. 666; Smith on Contracts, star page 27, and notes on page 28; 2 Hill 658; 1 Hill 32. *When a deed gives a street, road or unnavigable stream as its boundary the land conveyed goes to the center of such boundary; and upon claim for deficiency, measurement must be made to the centre of such boundary:* 27 S. C. 137-146; 5 Rich. Eq. 76; McMull Eq. 289-294; McCord 68; 65 U. S. 608; 84 S. E. 707, 709; 54 Am. Dec. 790; 28 Amer. Rep. 645, 679. *The intention to limit a boundary line to the side of a street must clearly appear, or the presumption will prevail:* Elliott on Evidence, sec. 1447; 4 R. C. L., p. 119, sec. 57; 4 R. C. L., p. 78; 56 Am. Rep. 642; 57 Amer. 40; 13 L. R. A. (N. S.), p. 551, and note; 28 Amer. Rep. 75-6; 46 Amer. Rep. 497; 32 Amer. Rep. 719; 39 Amer. Rep. 303; 23 Amer. Rep. 229; 52 Amer. Rep. 519. *A stake called for as located by the side of the street is not such a fixed monument as will control and prevent the operation of the rule that the grantee of land bounded by the side of a street takes to the centre:* 4 R. C. L., p. 105; 69 Am. Dec. 750. *Plats of subsequent surveys are incompetent:* 4 R. C. L., p. 106. *Monuments control distances:* 11 R. C. L. 106, 119, sec 58, page 109, secs. 44, 45, p. 110, sec. 46; 2 Mills 98; 2 Bailey, p. 80; citing 1 McCord 167, 215, 232, 255; 2 Mills 199 and 101; 2 Nott & McCord 191; 3 McCord 233; Harper 454; City of Aiken, Power over Streets, Acts, volume six, 1835, p. 530, sec. 6; 5 Richardson Law 435; 57 S. C. 507; See especially 8th and 9th requests to charge; Acts, vol. 20, p. 442, sec. 10. *No fraud or misrepresentations in this case:* 61 S. C. 191-192; 13 Howard (U. S.) 209; 13 S. C. 211; 2 Hill 666; 1 Am. Rep. 313; 11 Am. Rep. 487-88-89; 3 Washburn on Real Property 347; 2 Bailey's Reps. 270; 13 S. C. 219; Benjamin on Sales, sec. 621, p. 542; 1 Hill, star page 33; Smith on Contracts, star page 227 (note). *Shuler had opportunity to examine the lot, did examine it and accepted it, therefore, acted under*

*advice of counsel throughout:* 2 Hill's Rep. 666; 2 Bailey
Rep. 270; 13 S. C. 219, 220. *His Honor committed error
of law in charging the jury on the facts of the case:* Const.,
art. V, sec. 26; 47 S. C. 489; 50 S. C. 161; 49 S. C. 488;
51 S. C. 453; 56 S. C. 524; 49 S. C. 550; 81 S. C. 541; 83
S. C. 53; Const. 1895, art. V, sec. 26; 68 S. C. 153; 76 S. C.
63. *His Honor's charge was argumentative and prejudi-
cial:* 97 S. E. 492; 144 N. C. 299; 56 S. E. 937. *Old fence
was western line of lot:* 98 S. C. 286; 41 S. C. 198-199.

*Messrs. R. L. Gunter* and *John Edwin Stansfield,* for
respondent: *Does the complaint state a cause of action for
misrepresentation:* 41 S. C. 508; 92 S. C. 389, 391, 393;
23 S. C. 208; 13 S. C. 209; 20 A. & E. Ency. Law, 2d Ed.
875; 1st DeSaus., star page 436 (1. S. C. Eq.); Harper's
Law (16 S. C. Law) 293; 2 Richardson's Law 127 (31 S.
C. L.; 1 McCord L. 122 (12 S. C. L.); 1 Bay 278; 58 S. C.
487; L. R. A. 1916, 132 Tenn. 636. *Did the Circuit Court
err in admitting oral testimony to show misrepresentations
when the lot was described in the deed:* Harper's S. C. 236.
*Did the presiding Judge err in his charge as to the manner
of finding amount of damage:* Civil Code 1912 ——; 46 S.
C. 553; 10 S. C. 32; 72 S. C. 424.

July 15, 1919.

The opinion of the Court was delivered by MR. JUSTICE
GAGE.

The deed describes the lot conveyed thus:

"Bounded on the north by lot of S. J. Schuelhofer and
measuring thereon one hundred (100) feet; bounded east
on Laurens street and measuring thereon eighty (80) feet;
bounded south on Richland avenue and measuring thereon
one hundred (100) feet; bounded west on lot formerly of
Joseph Russell, now of D. Rones, and measuring thereon
eighty (80) feet."

The expressed consideration named in the deed is $6,300.
There was a formal general warranty. It turned out that

the depth of the lot, that is to say along Richland street and the Schuelhofer line, is not 100 feet, but 97 feet.

Nothing else appearing, and looking at the deed alone, the vendor is not liable to the vendee for that deficiency; for the written warranty was not of the area. *Jones v. Bauskett*, 2 Speers 68. But the vendee alleges that his parol contract with the vendor was to purchase by the depth foot, at $63 per foot for 100 feet, and that vendor represented to him that the lot was 100 feet deep, and he bought on that assurance. The action was brought on that alleged contract and the breach of it, and not on the words of the written warranty; the Court presented that issue to the jury, and that alone; and the verdict was for the vendee.

It was stated at the bar by the attorney for the vendee that there is no testimony which tends to prove that the vendor at the time of sale knew that the lot would fall short by 3 feet of 100 feet, and that there was therefore no misrepresentation by the intention of the vendor.

It is true that generally, if there be a misrepresentation in fact by the vendor to a vendee upon which the vendee has relied, then the vendee may have relief therefor, even though the misrepresentation was not by the intention of the vendor. For while misrepresentation includes a fraudulent intent it may exist without such.

The primary contention of the appellant vendor is that the parol agreement tends to vary the words of the deed, and was therefore incapable of proof. But that is not so.

It is true that a deed ought to show with exactness, and therefore with certainty, what land was sold on one side and bought on the other; and if it does show so much then the words of it may not, in a case like this, be varied by parol. The instant deed does not show that the vendor only sold and the vendee only bought a parcel of land parallelogram in shape and exactly 100 feet deep and

23—112

80 feet wide, and exactly valued by the parties at $63 per foot. Were that so that case would be summarily ended for the vendee.

On the other hand, the instant deed does not show that the vendor sold and the vendee bought a corner lot for a gross sum of money and without regard to the exact size of it. Were that so the case would be summarily ended for the vendor.

The description which was used contained features which are common to both of the cases supposed, but which are not completely exclusive or inclusive of either case.

The parol agreement alleged by the complaint tends to make that explicit which the deed left in doubt, and it is therefore competent.

And that fetches us to the cardinal issue up for decision, and that is: Did the plaintiff reasonably prove the case he alleges? In the very nature of it so much rests in opinion, but most issues of consequence do so rest.

A consideration of the testimony leaves us in no doubt about the truth of the transaction; and it therefore leads us to conclude that the Circuit Court ought o have direced the verdict for the defendant.

We are mindful that the plaintiff testified: (1) That the defendant made a representation to him; and (2) that the plaintiff relied upon it; and (3) that it turned out to be untrue. But so much by itself does not carry the issue to the jury; the circumstances must reasonably establish that each of these three postulates is reasonably true.

Assuming that the testimony tended to prove the first and third postulates, yet so much is not true as to the second. That which we have marked 2 cannot rest in the zone of probability if the circumstances show that the plaintiff had no reasonable cause to rely on the representation. A person cannot shut his eyes and say he did not see, nor close his ears and say he did not hear. It

is not sufficient for a person to say he was misled; he must show how he came to be misled; he must justify his state of mind by facts.

We consider all the testimony of the plaintiff and that only on this issue. He testified that he is a business man, merchant, farmer, cotton buyer, real estate dealer, and what not; that he had been in business 30 years; that he passed the lot every time he went home and at many other times; that he saw the lot and knew it; that he had bought lots by the foot; that he had before bought lots by the foot without measuring them; that he talked with the vendor (a negro) three times about buying and before he bought, and that perhaps three months elapsed before he bought; that he considered the trade before concluding it; that he had the time and facility to measure the lost; that he did not want the jury to believe the negro could fool me;" that he carried the vendor to the Hendersons, and had him sign the deed; that the vendor told the vendee that Rones' fence (on the back side of the lot) was the back line of the corner lot, and the plaintiff saw the fence there before he bought; that the plaintiff bought by the side foot and not by the front foot "because it was more easily calculated by the 100 feet;" that the plaintiff went into possession and held two years before he discovered the deficiency and made the instant claim.

These are the circumstances which the plaintiff declares misled him. They clearly do not reasonably tend to prove that the plaintiff was misled; on the other hand, they conclusively warrant the contrary inference, that the plaintiff was not misled; and no other reasonable inference can be drawn from them.

Judgment reversed, with direction to enter verdict for the defendant.