### 10807

#### JAMISON v. THACKSTON

(110 S. E. 389)

Vendor and Purchaser—Sale of Particular Tract for Gross Sum Considered Sale of Actual Quantity, Regardless of Statement in Contract.—Generally a sale of a particular tract of land for a gross sum is a sale of the actual quantity within the designated boundaries, without reference to the quantity mentioned in the contract or conveyance, and, in the absence of fraud or misrepresentation, the purchaser is neither liable for a surplus nor entitled to a deduction in price on account of a deficiency.

Before Mauldin, J., Greenville, June, 1921. Affirmed.

Action by Arch Jamison against J. E. Thackston. From order of nonsuit plaintiff appeals.

*Mr. Adam C. Welborn*, for appellant, cites: *Grantor is liable for deficiency in acreage*: 2 McC. 440; 3 Strob. Eq. 199; 1 Bay 256; 1 Bay 278; 2 Bay 11; 2 Bay 558; 2 N. & McC. 186; 1 McC. 121; 1 McC. 466; Harp. 441; 1 Bail. 128; 2 Hill 657; 2 Speer 68; 1 Rich. L. 417; 23 S. C., 205; 41 S. C., 198; 98 S. C., 286; 112 S. C., 349; 115 S. C., 439. *Covenants of warranty*: 9 Rich. L. 374; 12 S. C., 56; 5 Stat. 225; 1 Civ. Code 1912, Sec. 3453.

*Messrs. Oscar Hodges* and *Haynsworth & Haynsworth,*
for respondent, cite: *Where sale of land is in gross there
can be no recovery for deficiency in acreage*: 98 S. C., 286;
115 S. C., 439; 23 S. C., 205; 41 S. .C., .198; 8 R. C. L. 136;
20 A. & E. Enc. L. 873-75; 29 Id. 625-29; 28 A. L. R.
631; 4 L. R. A. 527; 30 Cyc. 1586; 106 S. E., 596; 54 S.
E., 506; 107 S. E., 437; 112 S. C., 349; Harp. 290.·

January 25, 1922.

The opinion of the Court was delivered by MR. JUSTICE
COTHRAN.

Action for damages for $1,355.92 on account of a de-
ficiency of 49.16 acres in a tract of land, conveyed by the
defendant to the plaintiff as containing 210. acres, more or
less, at the price of $5,600; taxes to the amount of $45 being
added to the proportionate value of the deficiency.   The
premises as described in the deed·were as follows:

"All that piece, parcel, or tract of land situate, lying;
and being in Paris Mountain township, in the county and
State aforesaid, containing 210 acres, more or less, bounded
by lands of T. W. Hunt, T. O. Brockman, John T. Bram-
lett, and others, formerly known as the homestead of War-
ren B. Hunt, and being the same tract of land conveyed to
me by O. V. Hunt on November 8, 1913, deed to which
is recorded in volume 24, page 554."

The sale was made on July 19, 1915; a short time before
the commencement of the action (September 18, 1920),
the exact time not appearing, a survey of the tract was
made, and it was ascertained that, instead of 210 acres,
the tract contained only 160.84 acres, a deficiency of 49.16
acres.   At the close of plaintiff's testimony, which tended
to establish the foregoing facts, the presiding Judge,
upon motion of the defendant, ordered a nonsuit and dis-
missed the complaint.   From the judgment entered upon
this order the plaintiff has appealed.

There are four exceptions, but they raise practically the single issue—whether or not, under the particular circumstances developed and set forth above, the plaintiff, prima facie, was entitled to recover for the deficiency in area. The order of nonsuit is sustained upon the authority of *Douthit v. Hipp,* 23 S. C., 205; *Erskine v. Wilson,* 41 S. C., 198, 19 S. E., 489; *Patterson v. Walker,* 98 S. C., 286, 82 S. E., 432; *Shuler v. Williams,* 112 S. C., 349, 99 S. E., 819; *Smythe v. Brunson,* 115 S. C., 439, 108 S. E., 99.

"And as a general rule, where the sale is of a particular tract for a gross sum to be paid for the whole tract, and not at a specified price by the foot or acre, though the tract is also described as containing a certain quantity, it is considered as a sale of the actual quantity within the designated boundaries, without reference to the quantity or measure of the premises mentioned in the contract or conveyance, and, where there has been no fraud or misrepresentation, the purchaser is neither liable for a surplus nor entitled to a deduction in the price on account of any deficiency in the quantity or measure mentioned." 27 R. C. L. 433— citing *Davis v. Millaudon,* 17 La. Ann. 97, 87 Am. Dec. 517; *Powell v. Clark,* 5 Mass. 355, 4 Am. Dec. 67; *Morris Co. v. Emmett,* 9 Paige Ch. (N. Y.) 168, 37 Am. Dec. 388.

The judgment of this Court is that the judgment appealed from be affirmed.