LIDDYCOAT et ux, *Respondents,*

*v.*

ULBRICHT et ux, *Appellants.*

556 P2d 99

*Darrell E. Bewley,* Portland, argued the cause for appellants. With him on the brief were J. B. Smith and Francis F. Yunker, Portland.

No appearance for respondents.

Before Denecke, Chief Justice, and Holman, Tongue, and Sloper, Justices.

HOLMAN, J.

## HOLMAN, J.

This is an action for damages claimed to have resulted from the breach of the covenant of title in a warranty deed. Defendants appeal from a judgment for plaintiffs rendered after a trial to the court.

Plaintiffs purchased and defendants sold residential property in the City of Portland. The deed purported to cover all of Lot 5 and part of Lot 6, Block 2, Laurelhurst. The part of Lot 6 which was transferred was described by metes and bounds having reference to the boundaries of Lot 6. Prior to the purchase of the property, its northern border, which was supposed to be substantially in the center of Lot 6, was pointed out to plaintiffs by defendants as being a line of rose bushes between the residence being sold and the adjacent house. Subsequent to the purchase, plaintiffs wanted to enlarge their driveway and had occasion to measure their frontage on the street which they knew should be 75 feet. They discovered that it was less than expected. Thereafter they had a survey made of their property and found that the northern boundary of the property they had purchased was to the north of the line of rose bushes. As a result, despite warnings and claims of ownership to the strip to the north of the rose bushes by their neighbors, the Mekulichs, plaintiffs entered thereon, took out the rose bushes, and built a retaining wall and a fence upon ground they then apprehended to be their northern property line.

An action was brought against plaintiffs by the Mekulichs, who were adjudicated to be the owners by adverse possession of a strip which was 6 feet wide at the front end of the property and 2 feet 7 inches wide at the rear. *Mekulich v. Liddycoat,* 268 Or 160, 519 P2d 378 (1974). In addition, the Mekulichs were given a judgment for damages for the trespass. The defense of this action was tendered to defendants, who declined the tender. The present action is brought to recover from defendants the value of the property covered by the deed which was subsequently adjudi-

cated to be owned by the Mekulichs. In addition, plaintiffs seek to recover the amount of the damages awarded to the Mekulichs for plaintiffs' trespass, their costs in building and removing the fence, as well as their attorney fees expended in the defense of the Mekulichs' action. The trial court found in favor of plaintiffs in all particulars, and defendants appealed.

We will first address the question of whether plaintiffs were entitled to recover for the value of the land which was adjudicated to be owned by their neighbors by adverse possession. There is no contention that the misrepresentation concerning the property boundary was other than innocent. For many years the owners of the respective properties had treated the rose bushes as the boundary. At the time of the purchase by plaintiffs, both they and defendants were laboring under a mutual mistake and did not know the property covered by the conveyance was greater than that which they thought was being sold. Plaintiffs admit that the roses were pointed out to them as the boundary and that they purchased the property with this supposition. Although they learned, at a time which they were unable to pinpoint, that the frontage was supposed to be 75 feet, they make no contention that they were laboring under any misapprehension as to any of their other borders.

In such a case relief should be granted, as a result of the parties' mutual mistake as to the quantity of land sold, only when it appears that the parties would not have made the contract had the true facts been known to them. In other words, was the mistake material to the formation of the contract? When a purchaser can look at the boundaries of the property and thereafter base his decision to buy on having seen those boundaries and knowing therefrom the piece of property he is buying, the sale is made in gross. In such a case, the buyer is not influenced by the measure of the surface area or by the size of the property so much as he is by its boundaries; and if it develops that the meas-

urements are not what the buyer originally thought they were, the buyer is nevertheless bound to take the property because he gets substantially that which he thought he was buying. No relief should be granted because a contract or deed describes a piece of property as being larger than that which the parties thought they were transferring. *Cobb v. Morton,* 252 Ala 598, 42 So 2d 450, 451-52 (1949); *Fitzgerald v. Hyland,* 199 La 381, 6 So 2d 321, 325 (1942); *Scurria v. Russo,* 134 So 2d 679, 682 (La App 1961); *Wiltz v. Home Building and Loan Ass'n.,* 24 So 2d 204, 208 (La App 1945); *Hostetter v. Merrick,* 92 NJ Eq 313, 112 A 487, 488 (1920); *Shuler v. Williams,* 112 SC 349, 99 SE 819, 821 (1919). *Also see* Annot., *Relief by way of Recission or Adjustment of Purchase Price for Mutual Mistake as to Quantity of Land Where the Sale is in Gross,* 1 ALR2d 9, 53 *et seq.* (1948).

■ Plaintiffs contend the piece of property taken from them by adverse possession encompasses land closer to their dwelling than that bounded by the roses; but a reading of the transcript from the first litigation (which is in evidence here) shows that the court must have been under the impression that the metes and bounds description of the property taken included land only to the rose bushes, since most of the evidence concerns whether the rose bushes were the boundary line. That specific issue was not raised in the appeal of that case. It is our opinion that plaintiffs are not entitled to recover under the covenant of title for a deficiency in the area transferred, since the property they purchased is the same as that which they intended to buy.

■ It is also our opinion that plaintiffs are not entitled to recover as damages the award that was made in the first case to the Mekulichs for the trespass. The record indicates that the trespass was committed by plaintiffs after they were warned of the Mekulichs' claim of ownership to the disputed property. In such a situation plaintiffs were not entitled to rely upon the description in their deed, and the damages for which they became

[ 727 ]

liable were the result of their failure to heed the warning.

The next question is whether plaintiffs are entitled to recover their attorney fees for their defense of the title granted them by the deed from defendants. The only evidence of attorney fees is expert testimony that a reasonable fee for services *in the appeal* of the first case was the sum of $2,000. The trial court in this case allowed a recovery of $1,750 for attorney fees. Defendants do not contend that plaintiffs are not entitled to recover for attorney fees incurred in the defense of their title; therefore, we do not have to decide that question. Defendants do contend, however, that there is no evidence of the sum actually charged or expended for attorney fees in the first case and that plaintiffs can recover only those fees which were actually incurred regardless of what a reasonable fee would have been.

Plaintiffs' recovery of attorney fees is limited to a reasonable fee for the services which were rendered for plaintiffs and it does not include any sum expended in excess thereof. However, such recovery is also limited to the amount actually expended, and if it was necessary to expend only an amount which was less than the reasonable value of the services, plaintiffs' recovery is limited to that sum. In this case we do not know the amount actually expended; consequently, there is a defect in the proof.

The judgment for plaintiffs is reversed.