Argued and submitted May 20, affirmed in part,
reversed in part and remanded August 3, 1983

# HODECKER,
*Appellant,*

*v.*

# BUTLER et al,
*Respondents.*

(30360; A26371)

667 P2d 540

Edward P. Fitch, Redmond, argued the cause and filed the brief for appellant.

Stanley E. Clark, Redmond, argued the cause for respondents. With him on the brief was Clark & Clark, Redmond.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Plaintiff appeals from a summary judgment for defendants. We reverse in part and affirm in part.

Plaintiff's first claim alleged that she signed an earnest money agreement with defendant Butler and his wife, that Butler promised to pay plaintiff $5,000 as earnest money and gave her a note for the earnest money, that the sale of the house was to close on or before April 1, 1981, that the title of the property was marketable, but that Butler refused to close, and that the earnest money of $5,000 should be forfeited to plaintiff.

As a third claim plaintiff alleged that the earnest money was in the form of a $5,000 promissory note executed by Butler that was due but not paid.

As a second claim plaintiff alleged alternatively that defendant Hub Real Estate, Inc., (Hub) acted as agent for plaintiff in the preparation of the earnest money agreement, that due to a mutual mistake the earnest money agreement contained an erroneous description, that Hub had a duty to exercise reasonable care to accomplish the object of its employment and breached that duty in the preparation of the earnest money agreement and that, if defendant Butler is not obligated to pay the earnest money, then plaintiff has suffered damages in that amount as a result of Hub's negligence.

The earnest money agreement provided that plaintiff would sell Butler lots 7, 8 and 9 in block 6 and that:

> "If the title of the said premises is not marketable, or cannot be made so within 30 days after notice containing a written statement of defects is delivered to the seller, having approved said sale fails to consummate the same, the earnest money herein receipted for shall be refunded * * *. If the said sale is approved by the seller and title to said premises is marketable, and the purchaser neglects or refuses to comply with any conditions of sale within ten (10) days from the furnishing of a preliminary title report, or make payments promptly as set forth on the reverse side hereof, then the earnest money and additional earnest money receipted for on the reverse side hereof shall be forfeited * * *."

Defendant Butler decided before the closing date not to close the purchase. He was moving to another city and did not want the house. When he told plaintiff, she brought this action.

Butler learned after plaintiff's action was filed that plaintiff owned Lots 7 and 8, but only a portion of Lot 9, and could not acquire the balance of Lot 9 before closing. Plaintiff, he argues, could not therefore deliver marketable title to the property. Plaintiff, in response, claims that defendants knew that she owned Lots 7 and 8 and only a portion of lot 9 and that the description in the earnest money receipt was inaccurate due to a mutual mistake. She argues that the transaction was only to sell and buy what she owned.

Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. ORCP 47C; *Seeborg v. General Motors Corporation,* 284 Or 695, 588 P2d 1100 (1978). We review the record and draw all inferences from the pleadings, affidavits and other supporting material in the light most favorable to the party opposing the motion. *Uihlein v. Albertson's, Inc.,* 282 Or 631, 580 P2d 1014 (1978). This is also true as to those issues on which the opposing party would have the burden of proof at trial. *Seeborg v. General Motors Corporation, supra,* 284 Or at 699.

Plaintiff contends that the court erred in granting summary judgment on the first and third causes of action, because there are genuine issues of material fact. We agree. In *Liddycoat v. Ulbricht,* 276 Or 723, 556 P2d 99 (1976), the buyers sued the sellers for damages for breach of the covenant of title in a warranty deed. The deed covered lot 5 and also part of lot 6 described by metes and bounds. Both parties thought that the northern boundary of that part of lot 6 was along a line of rose bushes. In fact, the rose bushes were south of the boundary line described in the deed. After the purchase the plaintiffs measured the property, found that the rose bushes were several feet short of the boundary line described in the deed and claimed the property beyond the rose bushes. The plaintiffs' neighbor claimed that he owned the strip north of the rose bushes by adverse possession and sued successfully for damages for trespass. The plaintiffs then sued the defendants, their sellers. The court found that the plaintiffs and defendants were laboring under a mutual mistake and did not know that the property covered by the deed was greater than that they thought was being sold. The plaintiffs admitted that the roses were pointed out to them as the boundary and that they

purchased the property upon that supposition. The court stated that:

> "In such a case relief should be granted, as a result of the parties' mutual mistake as to the quantity of land sold, only when it appears that the parties would not have made the contract had the true facts been known to them. In other words, was the mistake material to the formation of the contract? * * *" 276 Or at 726.

The court stated further that

> "* * * [w]hen a purchaser can look at the boundaries of the property and thereafter base his decision to buy on having seen those boundaries and knowing therefrom the piece of property he is buying, the sale is made in gross. In such a case, the buyer is not influenced by the measure of the surface area or by the size of the property so much as he is by its boundaries; and if it develops that the measurements are not what the buyer originally thought they were, the buyer is nevertheless bound to take the property because he gets substantially that which he thought he was buying. No relief should be granted because a contract or deed describes a piece of property as being larger than that which the parties thought they were transferring. * * *" 276 Or at 726-27.

The rule in *Liddycoat* was followed in *Millikin v. Green,* 283 Or 283, 583 P2d 548 (1978). There the court found that the seller's failure to transfer the full lot described in the deed did not constitute a breach of the covenant of title, because the sale was "in gross."

Under *Liddycoat* and *Millikin,* marketable title can be title to less than the property described in a deed, if the transaction is a sale in gross. Plaintiff maintains that she can deliver "marketable title," because the sale was in gross. She does not ask for reformation. Furthermore, we do not read her deposition to admit that there was no antecedent agreement. In *Liddycoat* and *Millikin* the court did not reform the contacts but simply held that the variance between the description in the deed and the actual property transferred was immaterial, because the parties received what they had bargained for.

We conclude that the pleadings, supporting affidavits and documents raise genuine issues of material fact on the first and third claims. For examples: What did defendant Butler

agree to buy, and what did plaintiff agree to sell? Did defendant Butler know that plaintiff did not own all of Lot 9? Was Schroeder, who prepared the earnest money agreement and was a designated broker of Hub, the agent of defendant Butler, and is Schroeder's knowledge imputed to Butler? Did Schroeder know that plaintiff did not own all of Lot 9? If the property was described inaccurately, was it the result of a mutual mistake? If the sale was in gross, was the variance between the property described in the deed and the property sold material to the formation of the contract? The trial court therefore erred in granting summary judgment on the first and third claims.

■    Defendants assert that plaintiff has "conceded" on the second claim, because she "did not assign error" to the judgment on the second claim. Although it appears from plaintiff's assignments of error that she is appealing from the judgment against her on each claim, she did not make any argument on the second claim in her brief or at oral argument. It is therefore presumed waived or abandoned. *Meskimen v. Larry Angell Salvage Company,* 286 Or 87, 592 P2d 1014 (1979); *NW Natural Gas v. Georgia-Pacific,* 53 Or App 89, 630 P2d 1326, *rev den* 291 Or 893 (1981).

Reversed on the summary judgment on plaintiff's first and third claims; affirmed on the summary judgment on plaintiff's second claim; and remanded for further proceedings.