Argued and submitted April 4, affirmed August 24, reconsideration denied September 30, petition for review allowed November 22, 1983 (296 Or 120)
See 297 Or 25, 682 P2d 760 (1984)

OGAN et al,
*Appellants,*

*v.*

ELLISON et ux,
*Respondents.*

(132318; A25964)

668 P2d 470

Donald M. Kelley, Silverton, argued the cause for appellants. With him on the brief was Kelley & Kelley, Silverton.

Richard H. Allen, Salem, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

NEWMAN, J.

Van Hoomissen, J., concurring in part; dissenting in part.

## NEWMAN, J.

Plaintiffs appeal from a summary judgment for defendants. Plaintiffs' complaint, filed in March, 1980, alleged separate claims for breach of contract and fraud in the sale of two parcels of land. They alleged that defendants owned contiguous parcels A and B, that they deeded parcel A to plaintiffs in October, 1976, and parcel B to them in September, 1978, that in selling each parcel defendants impliedly "promised and represented" that parcels A and B were legally partitioned in accordance with the land use laws, that parcels A and B were not legally partitioned and that, as a result, plaintiffs were damaged with respect to each parcel.[1] They also alleged that the implied representation was fraudulent, that they discovered the fraud in August, 1980, and that they are entitled to general and punitive damages.

Defendants moved for summary judgment, asserting that no genuine issue of material fact existed. ORCP 47. Neither party submitted supporting affidavits. Although defendants argue that plaintiffs' claims are moot, because parcels A and B now comprise one parcel owned by plaintiffs, we do not agree. We decide the matter on the merits, and affirm.

The deeds to parcels A and B each expressly warranted that defendants were lawfully seized in fee simple of the granted premises free from all encumbrances and also that defendants would warrant and forever defend the granted premises against the lawful claims and demands of all persons.[2] Neither of these express warranties constitutes or

---

[1] Plaintiffs' complaint does not allege the Marion County land use ordinances applicable to the transaction. The relevant statute is ORS 92.016(2):

"A person may negotiate to sell any parcel in a major partition or in a minor partition with respect to which approval of a tentative plan is required by any ordinance or regulation adopted under ORS 92.044 or 92.046, respectively, prior to the approval of the tentative plan for the major or minor partition; but no person may sell any parcel in a major partition or in a minor partition for which approval of a tentative plan is required by any ordinance or regulation adopted under ORS 92.044 or 92.046, respectively, prior to such approval."

[2] The first amended complaint recites that copies of the deeds to parcels A and B are attached as exhibits and by reference incorporated in the amended complaint. Both parties assumed that those exhibits were attached to the amended complaint in the record, but they are not. Plaintiffs' complaint does not plead the substantial terms of the deeds or of any other instruments. The deeds, however, are attached to the original complaint in the trial court file. They are incorporated by reference in the amended complaint, at least for purposes of this appeal.

implies a promise or representation that defendants had complied with the partition laws. *See Hall v. Risley and Heikkila,* 188 Or 69, 213 P2d 818 (1950); *Seth v. Wilson,* 62 Or App 814, 662 P2d 745 (1983).

In *Seth v. Wilson, supra,* the buyer sued the sellers for breach of a contract to sell Lot 11 and breach of a covenant against encumbrances in a deed to a portion of Lot 11 covered by the contract. The deed contained a covenant that the property was conveyed "free and clear of all encumbrances." The buyer claimed that the sellers breached the covenant because the portion conveyed was "illegally partitioned." We affirmed a summary judgment for the sellers, holding that there was no genuine issue of material fact whether the sellers breached the covenant:

> "* * * The property conveyed was not 'encumbered' within the meaning of the convenant against encumbrances. * * * The lack of partitioning is not an adverse right in favor of a third person and does not 'curtail the full and exclusive use of the fee title in the grantee.' * * * Plaintiff's property is not yet legally partitioned, but his right to have lot 11 partitioned has not been restricted. *See also Hall v. Risley and Heikkila,* 188 Or 69, 213 P2d 818 (1950) (in which it was held that building and zoning regulations were not 'encumbrances'); *see also* Annot. 39 ALR3d 362 (1971). That lot 11 was not partitioned under the Marion County ordinances * * * does not create an 'encumbrance' on lot 11." 62 Or App at 821.

██ Plaintiffs' principal contention is that defendants made implied-in-fact promises to partition the parcels in conformance with the land use laws simply because they separately conveyed contiguous parcels A and B.[3]

> " 'Necessary implication is, beyond doubt, as much a part of an instrument as if that which is so implied were plainly expressed. If it can be plainly seen from all the provisions of the instrument taken together, that the obligation in question was within the contemplation of the parties when making their contract, or is necessary to carry their intention into

---

[3] Plaintiffs do not contend that a covenant that the land is legally partitioned is a covenant of title. ORS 93.140 provides:

"No covenant shall be implied in any conveyance of real estate, whether it contains special covenants or not, except as provided by ORS 93.850 to 93.870."

*See Yepsen v. Burgess,* 269 Or 635, 525 P2d 1019 (1974), holding that ORS 93.140 applies only to covenants of title.

effect—in other words, if it is a necessary implication from the provisions of the instrument— the law will imply the obligation and enforce it. * * *' " 7 Williston on Contracts 664, § 922 (3rd ed 1963), citing *Sykes v. Perry,* 162 Kan 365, 176 P2d 579 (1947).

As noted in *Rowe v. Great A & P Tea Co., Inc.,* 46 NY2d 62, 69, 412 NYS2d 827, 385 NE2d 566 (1978):

"'* * * [I]t is not the function of the courts to remake the contract agreed to by the parties, but rather to enforce it as it exists. Thus, a party making such a claim [*i.e.,* an implied-in-fact covenant] must prove not merely that it would have been better or more sensible to include such a covenant, but rather that the particular unexpressed promise sought to be enforced is in fact implicit in the agreement viewed as a whole. * * *"

Viewing the transaction as a whole, we do not find that it is a necessary implication from the deeds that defendants impliedly promised to partition the parcels in conformity with the land use laws. As noted earlier, that covenant is not implied by the language of the express warranties contained in the deeds. Similarly, it cannot be implied by the mere separate conveyance of two contiguous parcels of land. The transaction was a bargained-for exchange between the parties. The implied covenant is not necessary to give effect to the transaction. If the parties had wished such a covenant to be part of their agreement, they should have said so.

In *Yepsen v. Burgess,* 269 Or 635, n 3, 525 P2d 1019 (1974), the court recognized an implied covenant of fitness for habitation in the sale of a new house by a builder-vendor. It reasoned: (1) the provision of a habitable house was the essence of the transaction; (2) a home-buyer must rely on the skill and experience of the builder-vendor with respect to the adequacy of construction of the house; and (3) the transaction was primarily a transfer of a house, and the land was only an incident to the purchase. The court concluded that it should treat the sale of a house like a sale of personal goods and imply a warranty of fitness.

In *Cook v. Salishan Properties,* 279 Or 333, 569 P2d 1033 (1977), and *Beri, Inc. v. Salishan Properties, Inc.,* 282 Or 569, 580 P2d 173 (1978), both involving the sale of unimproved lots, the court refused to imply a warranty of fitness for use.

The court reasoned that the plaintiffs' opportunities for investigation and inspection were greater than those available to the buyer of a completed house. Moreover, the defect alleged (oceanfront lots' susceptibility to erosion) was a condition of the land not caused by the builder-seller's work on the land.

■■ These cases indicate that covenants (other than covenants of title which are limited by ORS 93.140) will not ordinarily be implied. The burden is on the plaintiff to plead and show facts which make it necessary to imply a covenant that the land was partitioned in accordance with the land use laws. The cases in which a warranty of fitness was implied concerned the sale of improved real property in which the buyer relied on the seller's ability to make the property fit for the buyer's purposes, the buyer's opportunity to discover the quality of the seller's work on the land was not equal to that of the seller and the seller was aware of the purposes for which the buyer purchased the property. Here plaintiffs do not claim that they were obliged to rely on defendants' skill in complying with the land use laws or that defendants were aware of the purposes for which plaintiffs purchased the parcels. We do not find that the particular unexpressed promise — that defendants complied with the partition laws — is implicit in the transaction viewed as a whole. *See also Mitchell v. Chernecki,* 286 Or 285, 291, 593 P2d 1163 (1979):

> "* * * [W]e believe that the better course of the law is to hold that purchaser of real property who seeks to enforce his contract of purchase on the equity side of the court is charged with notice of zoning laws which affect that property." (Footnotes omitted.)

■ Whether a contract contains an implied-in-fact promise is ordinarily a question of fact, but

> "* * * if the evidence is so clear that no reasonable man would determine the issue before the court in any way but one, the court will itself determine the issue * * *." 3 Corbin on Contracts 222, § 554 (1960).

Here there is no dispute as to the facts which plaintiffs claim give rise to the implication: defendants deeded to plaintiffs two contiguous parcels of land at different times. Because we have determined that the facts do not as a matter of law give rise to an implied promise that the land was sold in conformity with

the partition laws, summary judgment was properly entered for defendants on the contract claim.

■   Plaintiffs next claim that defendants impliedly and fraudulently misrepresented that the parcels complied with the partition laws. Because defendants did not impliedly promise or otherwise represent that the parcels were lawfully partitioned, they made no representation which could be the basis for a fraud action.[4] The court did not err in granting summary judgment on the fraud count.

Affirmed.

**VAN HOOMISSEN, J.,** concurring in part; dissenting in part.

This is an action for breach of contract and fraud. In 1976, plaintiffs bought parcel A from defendants. In 1978, plaintiffs bought contiguous parcel B from defendants. Plaintiffs allege that defendants impliedly represented that the two parcels were legally partitioned, when in fact they were not. They allege further that the value of the parcels is less because they are not legally partitioned.

Viewing the record in the light most favorable to plaintiffs, I would hold that there are genuine issues of material fact that should have been submitted to the trier of fact. Whether a contract contains an implied promise is ordinarily a question of fact. A reasonable person could find that the implied promise sought to be enforced here is in fact implicit, viewing the negotiations between the parties as a whole. The record here is not so clear that any reasonable person would determine the issue before the court only for defendants. Plaintiffs' complaint states a claim that they did not receive what they bargained for. They should be permitted to present their evidence to a trier of fact. *See Hodecker v. Butler,* 64 Or App 167, 667 P2d 540 (1983).

I agree with the majority that defendants' contention that plaintiffs' claims are moot because parcels A and B now comprise one parcel owned by plaintiffs lacks merit.

---

[4] Because of our ruling on the fraud claim, it is not necessary to address defendants' argument that the statute of limitations had run on both claims.