Argued and submitted August 16, affirmed October 12, 1994

## AARON VICTOR PETERSON,
*Appellant,*

*v.*

## Manfred (Fred) MAASS,
Superintendent,
Oregon State Penitentiary,
*Respondent.*

(91-C-12330; CA A79464)

882 P2d 1140

David W. Knofler argued the cause for appellant. With him on the brief was Multnomah Defenders, Inc.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Haselton, Judges.

WARREN, P. J.

## WARREN, P. J.

Petitioner appeals from a judgment denying his petition for post-conviction relief. We affirm.

Petitioner pleaded guilty to two counts of rape in the first degree. ORS 163.375. At the conclusion of the sentencing hearing, the trial court said:

> "The Court will, in Count 1, impose the—the recommended sentence of 71 months.
>
> "* * * * *
>
> "Count 2, the Court will set the grid block at 10-I, will impose the 19 months, consecutive to that sentence of Count 1."

On August 9, 1991, the trial court entered a judgment of conviction and the sentence. The judgment did not indicate whether the terms of imprisonment were to be concurrent or consecutive. On September 9, 1991, petitioner filed a notice of appeal. On September 30, 1991, during the pendency of the appeal, the trial court purported to clarify the sentence by issuing an amended judgment, which ordered that "[t]he jail sentence of 71 months on Ct 1 and *10* months on Ct 2 are to run consecutively." (Emphasis supplied.) Then, on October 21, 1991, the trial court again amended the judgment to read, "Order clarifying sentence is amended to read 71 months on Count I and 19 months on Count II to run consecutively." Later, petitioner voluntarily dismissed his appeal.

Petitioner sought post-conviction relief, alleging ineffective assistance of counsel. The post-conviction court denied the petition. Petitioner's ineffective assistance of counsel claim is predicated on his argument that, under ORS 138.038,[1] the sentencing court did not have jurisdiction to enter the second amended judgment, because it was entered more than 60 days after the judgment of conviction and during the pendency of his appeal. From that premise, petitioner argues that, because his trial counsel did not object to that judgment, which "increased" his sentence by nine

---

[1] ORS 138.083 provides:

"The sentencing court shall retain authority irrespective of any notice of appeal for 60 days after entry of judgment of conviction to modify its judgment and sentence to correct any arithmetic or clerical errors."

months, counsel's failure to act constituted ineffective assistance of counsel.[2] The state argues that any error was harmless because, even if ORS 138.038 limits the trial court's authority to act during an appeal, once petitioner voluntarily dismissed his appeal, the sentencing court reacquired its inherent authority to correct the judgment to conform to its intended sentence.

■■ To prevail on his ineffective assistance of counsel claim, petitioner must show by a preponderance of the evidence facts demonstrating that trial counsel failed to exercise reasonable professional skill and judgment and that petitioner suffered prejudice as a result. ORS 138.620(2);[3] *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991). Assuming, without deciding, that petitioner is correct about ORS 138.038, his ineffective assistance of counsel claim fails, because he did not meet that burden.

The first amended judgment was entered within 60 days after the judgment of conviction and made the sentence consecutive. The second amended judgment conformed to the sentence that the court orally imposed. Petitioner has not shown that the amended judgments did anything other than correct clerical errors, or that the sentence was outside the sentencing guidelines.[4]

Even if, as petitioner argues, the second amended judgment "could have been vacated had the matter been brought to the attention of the trial court," the fact is that the trial court regained jurisdiction after petitioner voluntarily

---

[2] Petitioner makes a conclusory statement that "Counsel's inaction deprived petitioner of due process and equal protection under the law." He makes no argument about those alleged constitutional violations, and we will not address them. *See Meskimen v. Larry Angell Salvage Company*, 286 Or 87, 94, 592 P2d 1014 (1979); *Hodecker v. Butler*, 64 Or App 167, 172, 667 P2d 540 (1983).

[3] ORS 138.620(2) provides:

"If the petition states a ground for relief, the court shall decide the issues raised and may receive proof by affidavits, depositions, oral testimony or other competent evidence. The burden of proof of facts alleged in the petition shall be upon the petitioner to establish such facts by a preponderance of the evidence."

[4] At oral argument, counsel for defendant asserted that he did not necessarily agree that the amended judgments only corrected clerical errors. His argument in support of that assertion was vague, but, as we understand it, he contended that the first amended judgment was the "correct" sentence. That contention is not supported by the record.

dismissed his appeal. At that time, the trial court could, under its inherent authority, correct the clerical errors. *1000 Friends of Oregon v. LCDC (Clatsop Co.)*, 301 Or 622, 627, 724 P2d 805 (1986); *Mullinax and Mullinax*, 292 Or 416, 424, 639 P2d 628 (1982); *Caveny v. Asheim et al.*, 202 Or 195, 207-09, 274 P2d 281 (1954); *Cranston v. Stanfield et al.*, 123 Or 314, 319-22, 261 P 52 (1927); *State v. Bryant*, 93 Or App 313, 315, 761 P2d 1361 (1988).

Because the sentencing court could have corrected the clerical errors at that later date, petitioner was not prejudiced by the failure of his trial counsel to object to the second amended judgment.

Affirmed.