15945

WHITE v. WHITE

(42 S. E. (2d) 537)

*Mr. Stephen Nettles,* of Greenville, for Appellant, cites:

*Messrs. Mann & Arnold,* of Greenville, for Respondent, cite:

May 6, 1947.

TAYLOR, AJ.: This action involves the right of the respondent to recover certain monthly payments of alimony, alleged to be due under the terms of a separation agreement entered into by her and her then husband, John R. White,

and seeks to establish her further right to receive monthly payments of alimony from the estate of the said John R. White (who has died subsequent to the execution of the agreement) during the remainder of her life or until respondent remarries. Appellant is the executrix of the will of John R. White.

It appears that the respondent and the said John R. White were married in February, 1905; that on October 1, 1930, they entered into the separation agreement; and on January 16, 1931, she obtained an absolute divorce from John R. White, in the decree of which the terms of the separation agreement were incorporated. John R. White married Sadie B. White on June 6, 1931, and he died January 16, 1944, naming Sadie B. White as executrix of his will.

The case was referred to the Master of Greenville County, who took testimony and filed his report in which he recommended that respondent be given the relief sought. On exceptions, the Hon. J. Robert Martin, Jr., Circuit Judge, filed his Order sustaining the Master in all particulars, and in due course the case comes here on appeal.

The case revolves around the construction of the language in the separation agreement, reading as follows:

"*Now, Therefore,* the said parties being fully advised of all their rights, claims and demands which each may have against the other, do solemnly agree and bind themselves, their heirs, executors, administrators and assigns forever to the following articles of agreement and covenant:"

Respondent maintains that under this language the contract is binding upon the estate of John R. White, deceased, whereas appellant urges that while there is no ambiguity in the contract, nevertheless the circumstances indicate that it was incorporated in the separation agreement under a mutual mistake.

We have carefully read the record and do not find ourselves in accord with the contentions made by appellant. Appellant states the exceptions, four in number, actually raise two questions; notably (1) that the evidence shows both

parties to the separation agreement intended that the alimony payments should be made only during their joint lives, and that the fact that the agreement provides otherwise was due to error in reducing the agreement to writing; and (2) that the separation agreement should be reformed accordingly and the estate of John R. White not be held liable for alimony beyond such payments as were due at the time of his death.

It is the view of this Court that the Master and the Circuit Judge made a proper disposition of the issues in this case. The exceptions are accordingly overruled and the appeal dismissed. Let the Master's Report and the Circuit Decree be reported herewith.

The question of the general power of the courts to modify, on account of change in conditions, a decree for alimony or support when based on an agreement between the husband and wife is not involved in this appeal. We, therefore, have no need to consider the principles announced in *Ex parte Jeter*, 193 S. C. 278, 8 S. E. (2d) 490.

BAKER, CJ., FISHBURNE, STUKES and OXNER, JJ., concur.

## MASTER'S REPORT

The above matter was referred to me under a general consent order of reference. The action was institutd by a Summons and verified Complaint wherein the plaintiff seeks to collect from the defendant the sum of $75.00 per month from November, 1942, based on a written Agreement and Divorce Decree. The Agreement and Decree were both attached to the Complaint and made a part thereof as exhibits.

The plaintiff contends that under said Agreement dated October 1st, 1930, and the Divorce Decree dated January 16, 1931, that her former husband John R. White was due to pay her $75.00 per month for her support and maintenance, and admitted that he had made all payments from the date of the agreement to November, 1942. It is alleged

that he died testate January 16, 1944, and that the defendant, his second wife is the duly qualified executrix of his estate. Demand was made on the defendant for the payment of said sum, and also a claim was duly filed with the Probate Court.

The answer of the defendant admits practically all of the complaint, except denies that defendant is indebted to the plaintiff for any sum, and alleges further that the plaintiff released her former husband some time in 1942, from liability to make any further payments under the Agreement and Divorce Decree.

Some three references were held and certain testimony taken, which is transmitted herewith. At the first reference no testimony was taken, but only certain papers introduced in evidence, which were the original Separation Agreement and a certified copy of the Divorce Decree. The parties agreed that in lieu of these that the attached copies to the Complaint would be used during any further proceedings in this case.

The issues made by the pleadings and recognized by the parties are briefly stated as follows:

1. Is the defendant indebted to the plaintiff for the monthly payments provided in the agreement? This can be divided into two questions.

A. Is the plaintiff entitled to collect the monthly payments from November 15, 1942, to January 16, 1944, the date of the death of Mr. White?

B. Is the plaintiff entitled to collect anything under the agreement subsequent to the death of Mr. White?

2. Did the plaintiff some time in 1942, release her former husband, John R. White, from further liability to make payments under the Agreement and Divorce Decree?

There is a further issue, which was not clearly raised by the defendant until after oral argument, and was contained in his written brief filed in the case. The defendant asked leave to amend her answer, or to have same treated as

amended, to conform with the proof to allege a mutual mistake. This issue will be discussed later.

I find all of the material allegations of the complaint to be substantially true and correct, and see no need to detail same in this report, for in fact, the answer admits all of the allegations of the complaint except that portion where the plaintiff alleges that the defendant is indebted to her.

I find further, that some time during the fall of 1930 that the plaintiff and her former husband, John R. White, recognized that their relationship of husband and wife had become disagreeable, and that both parties mutually agreed to enter into a separation agreement. The plaintiff according to the weight of the testimony, and same was not denied by the defendant, was represented during her negotiations with her husband by John L. Plyler, Esq., a former eminent member of this Bar. The late Mr. White was represented by P. A. Bonham, Esq., an eminent member of this Bar. Both parties were *sui juris,* and were persons of mature age and judgment. In addition, they were represented by exceptionally capable counsel. This is borne out by the clear and very comprehensive Agreement signed by the parties.

I find further, that the late Mr. White complied with the Agreement and Divorce Decree by paying to the plaintiff the $75.00 per month provided therein up to November 15, 1942. The parties agreed that this was the correct date.

I find further, that the late Mr. White complied with all of the requirements of the Separation Agreement and Divorce Decree in so far as same pertains to the plaintiff with the exception of the payment of the monthly maintenance of $75.00, and that said parties obtained an absolute decree of divorce, which is recognized by the parties hereto.

As I view the case, a decision of same is necessarily based primarily, if not conclusively, on the written Agreement and the Divorce Decree which adopted and confirmed same. This Agreement in my opinion, contains no ambiguity whatsoever. A casual reading will show that the intention of the parties was clearly expressed. In

fact, there is no testimony whatever that same was ever questioned by the plaintiff or the late Mr. White. The disposition of the case is therefore controlled by the express terms of the Agreement and Divorce Decree. Our Court has only rcently had occasion to pass on a situation in principal analogous to the question here. In the case of *McPherson v. Sirrine & Company*, 33 S. E. (2d) 501, 509; 206 S. C. 183, where the Court says:

"In construing and determining the effect of a written contract, the intention of the parties and the meaning are gathered primarily from the contents of the writing itself, or, as otherwise stated, from the four corners of the instrument, and when such contract is clear and unequivocal, its meaning must be determined by its contents alone; and a meaning cannot be given it other than that expressed. Hence words cannot be read into a contract which import an intent wholly unexpressed when the contract was executed. Where the contract evidences care in its preparation, it will be presumed that its words were employed deliberately and with intention."

The Court further at page 510 of the Southeastern Reporter says:

"* * * when it is found that the language of the contract covers the matter in controversy, the issue is decided by merely applying the language of the contract to the facts."

The Court on the same page says further:

"It is not the province of the court to alter a contract by construction or to make a new contract for the parties; its duty is confined to the interpretation of the one which they have made for themselves."

"Parties *sui juris* bind themselves by their lawful contracts, and Courts cannot alter them because they work a hardship. The rights of the parties must be measured by the contract which they themselves made."

The second issue enumerated above, and Subdivision A of the first issue are so closely connected, that in my opinion

they can be disposed of together. Certainly the plaintiff is entitled to collect the monthly payments of $75.00 from November 15, 1942, to January 16, 1944, unless the plaintiff released the late Mr. White from his liability to make such payments. I conclude from the testimony that there was no such release. The only witness testifying on this point was Mrs. Lewis, a witness for the defendant, and her testimony negatives any such defense. Further, there was no showing of any consideration for such a release.

The next question is whether plaintiff is entitled to collect anything under the agreement and Divorce Decree subsequent to the death of Mr. White. The quotations from the *McPherson case, supra,* are apropos. The Separation Agreement states that the parties being fully advised of all their rights "do solemnly agree and bind themselves, their heirs, executors, administrators and assigns forever to the following articles of agreement and covenant." The next to the last paragraph of the agreement recognizes that the parties —"bind themselves, their heirs, executors, administrators and assigns forever * * *".

Paragraph 4 of the Agreement recognizes that the late Mr. White agreed to pay the plaintiff $75.00 per month for her maintenance "and to pay the same each and every month so long as Ernestine White lives or until she remarries." The Divorce Decree specifically adopts, confirms and approves the written contract or separation agreement as the valid and subsisting contract of the parties. The judgment of the Court under the Decree of Divorce says:

"And further, Ordered, Adjudged and Decreed that defendant pay to the plaintiff the monthly sum of Seventy-five ($75.00) Dollars, for plaintiff's support and maintenance and as alimony, such payments to commence on this 16th day of January, 1931, and to continue thereafter on the 16th day of each and every month, during the plaintiff's natural life or until she remarries."

I conclude that there is no ambiguity in the contract or divorce decree.

I conclude that there is no ambiguity in the contract. The provisions of the agreement were to be binding on themselves, their heirs, excutors, administrators and assigns, and they intend that it should be so binding whereby the plaintiff was to receive from the late Mr. White or his Estate $75.00 per month so long as the plaintiff should live or until she should remarry.

The authorities in support of this conclusion are collected in two rather full annotations—18 A. L. R. 1054, Subdivision IV, and 101 A. L. R. 327, Subdivisions IV. They hold without exception that all payments in arrears at the time of the husband's death can be collected against the estate, and that the former wife can continue to collect payments from her former husband's estate after his death, if provision therefor is made either in the saparation agreement or in the decree of divorce, and where the decree of divorce adopts or conforms the separation agreement, as is the case at bar, the position of the former wife is greatly strengthened. The applicable rule is very clearly stated in the following quotation from 17 American Jurisprudence— Divorce and Separation 611.

"It is well settled that the amount of alimony which the husband is to pay to the wife, the terms of the payment, and the length of time during which such payment is to continue may be all arranged between them by consent, subject to the ratification of the court; and when such an agreement is embodied in the decree, the courts will enforce it. Similarly, where, by consent of the parties, alimony is awarded for the natural life of the wife, it continues to subsist even after the husband's death."

The same rule is announced in 18 A. L. R. 1055, Subdivision V, in the following quotation:

"When an agreement between the parties as to an allowance to the wife, although she survives the husband, is embodied in the decree, the courts will enforce it."

The same rule is announced in C. J. S., Divorce, Paragraph 240, where it is stated: "It is generally held that the husband may, by agreement, bind his personal representatives for the payment of alimony to the wife during her life."

Some of the cases collected in the A. L. R. Annotations referred to above, show that the following phrases were used:

"Hereafter during the lifetime of said plaintiff or until she remarries" * * * "during the remainder of her natural life" * * * "during her natural life or until she should remarry."

In each of these three cases the courts held that the wife was entitled to collect for payments accruing subsequent to the death of the husband from his estate. It is significant to note that the wording of the separation agreement and of the divorce decree in the case at bar is certainly as strong if not stronger in favor of the plaintiff than the quoted phrases above. The conclusion is inescapable to me, that it was the intention of the parties, that should the plaintiff survive her former husband, John R. White, that she was to continue to receive the monthly payments, $75.00 per month from his estate.

Considerable testimony was offered by the defendant which was objected to by the plaintiff. It was agreed that all testimony offered by either party be taken, and that the parties at the time of argument before me, would have the right to object to any portion of the testimony so taken. The plaintiff filed a written memoranda of testimony objected to and also same was covered in argument. It is my opinion that a considerable portion of the testimony offered by the defendant was incompetent and irrelevant. Certainly the testimony relating to facts transpiring subsequent to the execution of the agreement, the financial worth of the late Mr. White subsequent to the execution of the agreement, the financial worth of his estate, the income to be derived from his estate by the defendant, and the value of the property given to the plaintiff at the time of

the execution of the agreement. Recognizing that this line of testimony was not material, I nevertheless, have given a degree of consideration to same. It is my conclusion, however, that even with the advantage of such testimony, the defendant still fails to offer any meritorious defense to plaintiff's claim.

The defendant, as mentioned above, in his written argument asked leave of the court to amend his answer, or to have his answer treated as amended, to conform with the proof, in order to allege a mutual mistake. I am going to allow the amendment. I have given due consideration to this defense, and it is my opinion and conclusion that there is an utter lack of testimony to support same. The plaintiff did not testify in the case but relied solely on the written instruments. The other party to the agreement of course cannot testify, as death has sealed his lips. Defendant's Counsel in his written argument says that the mutual mistake in the contract consists in its purporting to bind White's estate to pay the $75.00 per month, when the parties did not intend the obligation to extend beyond Mr. White's lifetime. I find no testimony to support this contention, and on the contrary the agreement and divorce decree definitely provide that payments should continue after the death of Mr. White.

The plaintiff in her complaint asks the court to pass such order or decree as may be necessary in the premises to assure the plaintiff that all future payments will be made. The defendant has admitted that she has moved her residence permanently from Greenville County to the State of Tennessee. On this point I am refraining from making any decision or direction, as I deem it a matter to be taken care of by the Circuit Court.

I recommend that the plaintiff have judgment against the defendant for the sum of $75.00 per month for each and every month, commencing November 15, 1942, to date, with interest on each payment from the due date thereof at the legal rate.

I recommend further, that the defendant be required to pay the plaintiff the sum of $75.00 each and every month in the future, so long as the plaintiff lives, or until she should remarry.

Respectfully submitted,

E. INMAN, *Master of Greenville County, South Carolina.*

## ORDER OF JUDGE MARTIN

The above matter was referred to Hon. E. Inman, Master for Greenville County, under a general order of reference, which order was consented to by the parties. The Master took certain testimony, which was transcribed and transmitted to me with his report in the case.

The case was then argued before me by Counsel for the respective parties, and on the completion of the arguments, by agreement additional testimony was taken. The plaintiff took the testimony of Mr. John L. Plyler, who could not be present at the last reference, and the defendant then asked to be allowed to take further testimony from Mr. P. A. Bonham. This was agreed to, and the testimony of Mr. Plyler and Mr. Bonham, which the Master did not have, has been duly transcribed, and I have given careful consideration to this, and also the record transmitted to me by the Master.

The Master's report sets forth clearly all of the pertinent facts in the case, and also in my opinion makes a proper disposition of the case.

I am unable to find any testimony as given by Mr. Plyler or Mr. Bonham which would in any way change the Master's report. I am of the opinion that the testimony of Mr. Plyler strengthens plaintiff's case. It certainly shows that the plaintiff and the late John R. White both had excellent counsel advising them in the execution of the separation agreement dated October 1, 1930.

I have carefully studied the agreement referred to above dated October 1st, 1930, and also the decree of divorce dated January 16, 1931. Both of these instruments are very clear, and I can find no ambiguity whatever in either. Applying the applicable law as set forth in the Master's Report, and no contrary legal principles having been offered me by the defendant, I feel bound to uphold the Master's Report.

Now, Therefore, on Motion of Mann & Arnold, Attorneys for the plaintiff,

It is Ordered, that the Report of the Master filed herein and dated March 30, 1946, be confirmed, and,

It is Further Ordered, that said Report be and the same is hereby made the judgment of this Court,

It is Further Ordered, that the plaintiff have judgment against the defendant for the sum of $75.00 per month for each and every month, commencing November 15, 1942, to date, with interest on each payment at the legal rate from the due date thereof.

It is Further Ordered, that the defendant be required to pay the plaintiff the sum of $75.00 each and every month in the future, so long as the plaintiff lives or until she shall remarry.

It is Further Ordered, that the plaintiff have leave to enter judgment against the defendant for the payments which have accrued to date, and for the costs of this action.