## 17204

HARRY THOMAS, Respondent, v. JAMES E. JEFFCOAT and LLOYD FULMER, Appellants

(94 S. E. (2d) 240)

*Messrs. Edens & Woodward,* and *Glen E. Craig,* of Columbia, *for Appellants,*

*J. Carlisle Oxner, Esq.,* of Columbia, *for Respondent,*

August 27, 1956.

TAYLOR, Justice.

This appeal arises out of an action brought in the County Court of Richland County upon a written contract entered into by one Harry Thomas and James E. Jeffcoat, wherein Thomas agreed to sell and Jeffcoat agreed to buy certain lands for the sum of $4,500.00.

Jeffcoat, the purchaser, delivered to one Lloyd Fulmer, two checks in the aggregate of $500.00 as earnest money, the balance to be paid in sixty days. Jeffcoat defaulted and Fulmer failed and refused to deliver the earnest money checks to plaintiff, whereupon he brought suit. Jeffcoat answered setting up that the land was not suitable for the purposes claimed and Fulmer answered contending that as agent he was entitled to one-half of the earnest money in accordance with the local custom. Plaintiff made timely motion to strike the answers as sham and frivolous, but this motion was refused.

Upon trial of the cause, plaintiff introduced the written contract into evidence and rested his case. Upon completion of all of the evidence, plaintiff-respondent moved for a directed verdict on the ground that the contract in writing was not ambiguous and there was no showing of fraud. Defendants-appellants moved for a directed verdict on the ground that the evidence disclosed that the lot was not as represented, and appellant Fulmer moved in the alternative for a directed verdict in his favor for one-half of the earnest money in case the contract was held valid. The trial Judge overruled defendants' motions and granted that of plaintiff for judgment against the defendants-appellants.

Appellant Jeffcoat contends that in agreeing to purchase he relied upon representations by the seller's agents that the lot was high in front but level; that he was interested in purchasing the lot only for the purpose of subdividing into smaller lots and that it is not suitable for this purpose in that it slants sharply in the rear and not as represented. However, it is uncontroverted that Mr. Jeffcoat viewed the lot prior to signing the contract and made inquiry of a neighbor about the water supply, etc.

The contract sued upon carried the following provisions:

"The purchaser hereby agrees and fully understands that the earnest money deposit will be retained by the seller in the event that the purchaser fails to settle within the 60 days period provided herein making the total purchase price $4,500.00. * * *"

We find the contract clear and unambiguous. Appellant Jeffcoat viewed the property, and if he failed to examine it as closely as he should, it was a matter of his own volition. There being no evidence of fraud, the construction of the contract became a matter of law for the Court, and there was nothing to submit to the jury. *Stepp v. National Life & Maturity Ass'n of Washington,* 37 S. C. 417, 16 S. E. 134; *Cannon v. Motors Insurance Corp.,* 224 S. C. 368, 79 S. E. (2d) 369; *White v. White,* 210 S. C. 336, 42 S. E. (2d) 537; *Breedin v. Smith,* 126 S. C. 346, 120 S. E. 64; *DeCamps v. Carpin,* 19 S. C. 121.

For the foregoing reasons, we are of opinion that the hearing Judge was correct in granting respondent's motion for a directed verdict in that the contract was not ambiguous and there was no showing of fraud, that all exceptions should be overruled and the judgment appealed from affirmed and it is so ordered.

STUKES, C. J., and LEGGE and MOSS, JJ., concur.

OXNER, J., not participating.

STUKES, Chief Justice (concurring).

I agree with the result of the opinion of Mr. Justice Taylor that the appellant Jeffcoat is bound by his contract of purchase, upon the ground that he is, as a matter of law, barred by his negligence from asserting the misrepresentation. 23 Am. Jur. 960, Fraud and Deceit, Sec. 155; 55 *Ibid* 553, Vendor and Purchaser, Sec. 79; Annotation, 174 A. L. R. 1010, 1028; *Shuler v. Williams,* 112 S. C. 349, 99 S. E. 819. The principle is applicable to other contract obligations, as in *O'Connor v. Brotherhood of Railroad Trainmen,* 217 S. C. 442, 60 S. E. (2d) 884.

The other point of the appeal, which is that of Fulmer that he (or his firm, who were the brokers) is (are) entitled by local custom to one-half of the forfeited earnest money as commission, cannot be sustained. The custom was proved but the law, by the weight of authority, is to the contrary, in the absence of controlling contract provision. Annotation, 9 A. L. R. (2d) 495.

Moreover, to permit recovery by the broker of a commission in this case would allow him to profit from his wrong.

The general rule as to when and under what conditions a broker has earned his commission, despite the failure of the purchaser to consummate the contract, is clearly stated in *Hamrick v. Cooper River Lumber Co.,* 223 S. C. 119, 74 S. E. (2d) 575. However, here the purchaser's failure to perform the contract was due solely to the misrepresentation of the property to him by the broker's employee. Indeed, the misrepresentation was admitted by the latter in testimony. In fairness to him, it should be said that it was innocently made, he relying upon the representation made to him by another broker, a Mrs. McElveen, with whom respondent had listed the property and who associated the brokers who found the purchaser and procured the contract. Mrs. McElveen was present at the trial but did not testify. This wrong of the broker, although witlessly done, bars him from claiming any commission on the unconsummated sale; hence he is not entitled to any portion of the forfeited earnest money.

Legge and Moss, JJ., concur.