### 19888

The STATE, Respondent, v. James LINO, Appellant

(208 S. E. (2d) 256)

H. E. McCaskill, Esq., of Conway, for Appellant.

Messrs. J. M. Long, Jr., Sol., and James Dunn, Asst. Sol., of Conway, for Respondent.

Sept. 6, 1974.

LEWIS, Justice:

Appellant and a codefendant were indicted for armed robbery. The codefendant plead guilty and later testified for the State in appellant's trial. Appellant was found guilty and sentenced to a term of ten (10) years. Notice of intention to appeal was filed and the matter is now before the Court on petition of appellant's appointed counsel to be allowed to withdraw from the case, upon the grounds that the appeal is manifestly without merit and wholly frivolous. *Anders v. State of California*, 386 U. S. 738, 87 S. Ct. 1396, 18 L. Ed. (2d) 493. We agree that there is no merit in the appeal.

The first of the suggested errors is that the evidence was insufficient to sustain conviction.

Appellant and his codefendant were charged with the armed robbery of the clerk in a liquor store at Myrtle Beach, South Carolina, between 4:00 and 4:30 p. m., on January 19, 1974. There is abundant evidence to sustain the conclusion that appellant and his codefendant entered the store, purchased a pint of vodka, and then demanded that they be given the money in the cash register. Upon the refusal of the clerk to comply, one fired a shot and then struck the clerk over the head with a .22 caliber pistol. When a customer entered during the robbery, appellant and the code-

fendant hurriedly drove away in appellant's blue Plymouth automobile, taking a small amount of cash. The customer was able to get the license number of the Plymouth and through this information appellant was later apprehended.

Appellant testified and gave a slightly different version of the incident. He stated that he drove the codefendant and the latter's brother to the store to purchase liquor; that he parked across the street from the store, remaining in the car, with the motor running while the two brothers went to make the purchase. He denied that he knew anything about the planned robbery by the brothers but, when they returned to the car, he admitted that he drove them away from the scene while they were crouched in the rear seat. Appellant's testimony, considered in the light of the other facts and circumstances, strongly supports an inference that he, if he did not enter the store and participate therein in the actual robbery, waited in the car while the robbery was committed in order to provide an escape.

Under either view of the record, there is abundant testimony to sustain the finding of the jury that appellant was a principal participant in the robbery.

The other possible assignments of error, suggested by counsel, concern the admission in evidence of clothing allegedly worn by appellant at the time of the commission of the crime and the failure to later pursue the interrupted cross-examination of one of the officers who became ill while testifying. These questions were not preserved for review by timely objection and pursuit during the trial, and are therefore not available on appeal. In any event, the record is devoid of any showing of prejudice to appellant from either incident.

Brief of counsel was served upon appellant and he has filed a reply thereto in the form of letter, in which he charges, in substance, that his right to a fair trial was adversely affected in that (1) his attorney announced that he was ready for trial when he knew that two material wit-

nesses, who had been subpoenaed, were not present; (2) his attorney was not afforded ample time to prepare for trial; (3) two of the jurors were objectionable to him; (4) the codefendant committed perjury in his testimony; and (5) the giving of a lighter sentence to his codefendant showed that the trial judge was prejudiced.

We find it unnecessary to deal individually with these contentions of appellant. They were not raised in the lower court and are totally without support in the record. The record shows that appellant was competently represented by his appointed counsel and nothing to indicate that he was prejudiced by any of the foregoing matters.

We are convinced that any appeal would be manifestly without merit and wholly frivolous. The request of counsel to withdraw is accordingly granted and the appeal is dismissed.

Moss, C. J., and Bussey, Brailsford and Littlejohn, JJ,. concur.