20636

Brenda W. KENNEDY, Administratrix of the Estate of E. W. Kennedy, Jr., *et al.*, Appellants, v. Mary Frances V. KENNEDY, Respondent.

(242 S. E. (2d) 417)

*Jenkinson & Jenkinson,* of Kingstree, *for Appellants,*

*Nettles, Thomy and Smith,* of Lake City, *for Respondent,*

March 14, 1978.

GREGORY, Justice:

Mr. Kennedy was granted a divorce and his administratrix appeals from the order of the lower court requiring the payment of alimony and child support. The issues on appeal are whether Mr. Kennedy's obligations to pay alimony and child support survive his death. We hold his obligations to pay alimony and child support do not survive his death and reverse.

Mr. and Mrs. Kennedy were married on August 29, 1959 and two children were born to this union. At the time of these proceedings the children's ages were 13 and 9, respectively.

Difficulties developed between the parties, and in 1973 Mrs. Kennedy obtained a restraining order against her husband that prevented him from returning to the marital home. One year later Mr. Kennedy filed suit against Mrs. Kennedy for a divorce *a vinculo matrimonii* on the ground of desertion and the matter was referred to a Special Referee. Exceptions to the Special Referee's report were heard by the Honorable Frank Eppes. By Order dated March 31, 1976 the lower court granted Mr. Kennedy a divorce; ordered him to make periodic payments of alimony and child support; and ordered him to provide Mrs. Kennedy and the children the use of

the marital home, or in the alternate, $175.00 per month as a housing allowance. Mr. Kennedy took exception to the order of the lower court requiring him to pay alimony, child support and to provide a home for Mrs. Kennedy and the children, and this appeal followed.

Subsequent to the divorce decree Mr. Kennedy remarried. Shortly thereafter on October 21, 1976, he died intestate survived by his widow and the two minor children of his first marriage. With the exception of the family residence, Mr. Kennedy's estate consists of stocks and real estate he inherited from an aunt in 1973. Under the statute of descent and distribution, Section 21-3-20, 1976 Code of Laws of South Carolina, the widow and two children will each inherit an undivided one third interest in Mr. Kennedy's estate, which the record indicates is valued at approximately $111,-250.00. The administratrix of Mr. Kennedy's estate was substituted as the party appellant.

The only issues presented by this appeal are whether Mr. Kennedy's obligations for alimony and support under the divorce decree survive his death.

The pertinent portions of the lower court's order provide as follows:

3. That the plaintiff [Mr. Kennedy] shall pay the sum of Two Hundred Thirty ($230.00) Dollars for each child every month through the Clerk of Court for Williamsburg County to be paid to the defendant [Mrs. Kennedy] until each child reaches her majority or is otherwise emancipated.

4. That the plaintiff shall pay the sum of One Hundred ($100.00) Dollars each month through the Clerk of Court for Williamsburg County to be paid to the defendant as alimony.

6. That the plaintiff shall provide a suitable home within which the defendant and the children of the parties might live. He may do so by allowing them to stay in the marital home where they now reside with him assuming the expense of keeping the same properly repaired, maintained and in

habitable condition or, in the alternative, he may elect to have them vacate the marital home and pay to defendant the sum of One Hundred Seventy-five ($175.00) Dollars per month for her use in renting a suitable home or for application to payments on the purchase of a home, if she so elects. If plaintiff elects to provide the marital home for the defendant and minor children he shall be required to do so as long as either child is a minor or until defendant dies or remarries, whichever last occurs.

The effect of the husband's death upon an alimony award is discussed in an extensive annotation at 39 A. L. R. (2d) 1406 and the effect of the parent's death upon an award of child support is discussed at 18 A. L. R. (2d) 1126.

Respondent concedes that the language used in item "4" above is insufficient to make the $100.00 per month alimony award survive Mr. Kennedy's death. Respondent contends, however, that the language used in items "3" and "6" of the lower court's order evidence the clear intention of the court that these obligations should survive Mr. Kennedy's death.

The lower court's order requires Mr. Kennedy to fulfill his obligations of support by making periodic payments of alimony and child support, and by providing a home for his children and former wife until she dies or remarries or until the children attain majority, whichever of the two alternatives occurs last. At common law each of these obligations would terminate at Mr. Kennedy's death, 39 A. L. R. (2d) 1406 and 18 A. L. R. (2d) 1126, and Judge Eppes' order is framed in terms commonly used in a divorce decree to similarly terminate alimony and child support awards. The language of the order fails to affirmatively charge Mr. Kennedy's estate with the responsibility of continuing these payments after his death.

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.