22250

Beatrice McCall McCUNE, Respondent v. Jack F. McCUNE, as Administrator of the Estate of James L. McCune, Appellant.

(327 S. E. (2d) 340)

Supreme Court

*John C. Lindsay, Jr.*, Bennettsville, *for appellant.*

*Allen C. Pate*, Florence, *for respondent.*

Heard Jan. 8, 1985.

Decided Feb. 28, 1985.

NESS, Acting Chief Justice:

This appeal is from a divorce decree ordering appellant husband to pay $1,250 per month alimony to respondent wife and placing an equitable lien on the husband's share of the marital property to secure alimony payments before and after his death. We reverse and remand.

The wife was granted a divorce on the ground of adultery upon Mr. McCune's default. The husband appeared *pro se* at

the *pendente lite* and final hearings though both judges strongly advised him to hire counsel.

After this appeal was filed the husband died. The couple's son, the administrator of his father's estate, has been substituted as appellant.

■ Appellant first asserts the family court erred by awarding excessive alimony unsupported by the record. We agree.

The husband did not file a financial declaration as required by Family Court Rule 19. It is uncontroverted he owned a truck stop and other real estate, but the record is void of the income he derived, if any, or whether he in fact still ran the businesses.

There was no evidence of his monthly expenses. The wife testified she had no idea how much money her husband made or spent.

The husband had diabetes, had three previous heart attacks, and eight operations without the benefit of insurance. He was totally disabled and received only $380 per month disability.

Though the wife did file a financial declaration, it is obviously erroneous. She admitted her husband gave her after the separation, $39,000, almost half the proceeds from the sale of a farm, in addition to other monies which her financial statement does not reflect. The order incorrectly states the husband kept the entire proceeds from the sale of the farm.

We hold the record is insufficient to afford us the opportunity to adequately review the accuracy of the amount of alimony, as well as the husband's ability to pay it.

We remand for a determination of the couple's financial situation at the time of the decree. Also, the wife's financial statement should be corrected to reflect the $39,000 she admitted receiving from her husband's sale of the farm, together with a house and a $10,000 CD she admittedly received. The family court may then set a reasonable amount of alimony to be paid in accordance with this opinion.

Appellant next argues the family court erred in placing an equitable lien on the husband's share of the marital property to secure the payment of alimony before and after his death.

Before reaching the lien issue, we must address whether periodic alimony payments terminate upon the death of the obligor.

Alimony is a substitute for the legal duty to support one's spouse. *McNaughton v. McNaughton*, 258 S. C. 554, 189 S. E. (2d) 820 (1972). At common law, the obligation to pay periodic alimony terminates at death. *Kennedy v. Kennedy*, 270 S. C. 358, 242 S. E. (2d) 417 (1978). Of course, a spouse may bind his or her estate for the payment of alimony by agreement. *White v. White*, 210 S. C. 336, 42 S. E. (2d) 537 (1947).

We have previously held the payment of alimony terminates at death unless affirmatively charged to the estate. *Jackson v. Jackson*, 279 S. C. 618, 310 S. E. (2d) 827 (Ct. of Ap. 1983); *Kennedy, supra.* By this opinion we seek to clarify our position.

Alimony may be made by lump sum payments or periodic payments. If lump sum alimony is awarded, it is a debt owed and is properly chargeable to the estate if the obligor dies before full payment is made.

Periodic payments of alimony are contingent in nature, usually extending until the receiving spouse's death or remarriage. If we allow periodic alimony payments to survive the death of the obligor, the payments must be continued in most situations by the second wife, or, here, by the children, neither of whom owe a legal duty of support. This support is owed by a divorced spouse, not a deceased divorced spouse's beneficiaries or heirs at law.

We hold the family court exceeded its authority by ordering the periodic alimony payments continued after the husband's death.

We adopt the reasoning of the Ohio court in *Platt v. Davies, et al.*, 82 Ohio App. 182, 77 N. E. (2d) 486 (1947) which holds that if the obligation to pay installments of alimony is to be extended beyond the death of either party it must be done by an agreement of the parties, which is approved by the court and incorporated in the decree and *not* by the court decree alone. Here, since the decree did not refer to or confirm any agreement between the parties, and there is no statutory law in this state so permitting, the subsequent death of the husband terminated all liability for installments of alimony

which accrued after death. *Also see Edmundson v. Edmundson,* 242 S. W. (2d) 730 (Mo. App. 1951); *Daggett, et al., v. Commissioner of Internal Revenue,* 128 F. (2d) 568 (9th Cir.) cert. den., 317 U. S. 673, 63 S. Ct. 78, 87 L. Ed. 540 (1942).

■ The family court may insure a spouse's continued support upon death of the obligor spouse by equitable division or a lump sum alimony award.

It is unnecessary for us to reach the issue of whether the placement of an equitable lien on the husband's property as security was proper. *See* 59 A.L.R. (2d) 667.

On remand, we direct the family court to establish the accurate financial situations of both parties at the time of the hearing, and to set lump sum alimony, if any, at a reasonable amount. We then order all the marital property awarded to the husband to be sold if necessary to pay the alimony due. From the proceeds the wife shall be paid the amount of alimony in arrears and the lump sum amount decreed, if any. The balance of the proceeds shall go to the children, Mr. McCune's heirs at law.

Reversed and remanded.

GREGORY, HARWELL and CHANDLER, JJ., and CURTIS G. SHAW, Acting Associate Justice, concur.