22610

Richard Davis SIMS, Respondent v. Annie Rae SIMS and Liston Melton, of whom Liston Melton is the Appellant. Appeal of Liston MELTON.

(348 S. E. (2d) 835)

Supreme Court

*Larry G. Reddeck,* of *Nettles, Floyd, Turbeville & Reddeck,* Lake City, *for appellant.*

*Marvin P. Jackson,* Florence, *for respondent.*

*Gordon B. Jenkinson,* Kingstree, *for Annie Rae Sims.*

Sept. 22, 1986.

*Per Curiam:*

Appellant (Melton) appeals a family court order finding that it had subject matter jurisdiction over the controversy. We reverse.

Respondent Richard Davis Sims (Husband) and respondent Annie Rae Sims (Wife) were married for twenty-

three years prior to a divorce in 1982. During the marriage they acquired certain real property. Husband deeded all of his interest in the property to Wife in October, 1980 — two years before the divorce — and alleges an agreement was made regarding the future disposition of this property. The divorce decree did not make any division of this property. Subsequent to the divorce, Wife conveyed the property in question to the appellant Melton. Husband brought this action in July, 1984, to set aside the conveyance to Melton and to be granted an equitable interest in the real property, based on a resulting or constructive trust.

Melton[1] contends the family court lacks jurisdiction because this is an action at law on a contract or trust theory. We agree. The family court is a court of limited jurisdiction. S. C. Code Ann. § 20-7-420(2) (1976) vests exclusive jurisdiction in the family court:

(2) To hear and determine actions:
For divorce *a vinculo matrimonii*, separate support and maintenance, legal separation, and in other marital litigation between the parties, and for settlement of all legal and equitable rights in such actions in and to the real and personal property of the marriage and attorneys' fees, if requested by either party in the pleadings.

The record is devoid of any evidence that Husband requested in his divorce pleadings any interest in the subject property. The Husband's action arises out of an alleged agreement with his Wife, which is not incorporated in the divorce decree, and therefore, he may only seek enforcement in the Court of Common Pleas. Cf. *Zwerling v. Zwerling*, 273 S. C. 292, 255 S. E. (2d) 851 (1979). Section 20-7-420(2) authorizes the family court to settle the parties' property rights "in such actions," which clearly refers to marital litigation. The statute does not give Husband an independent right to institute a separate action in the family court to determine his interest in the property since the requested relief is not incidental to the divorce decree. We hold this dispute is not marital litigation as contemplated under the

---

[1] Melton is properly a party to this action. See *Slatton v. Slatton*, 345 S. E. (2d) 248 (S. C. 1986); S. C. Code Ann. § 20-7-420(19) (1976).

statute, and the family court lacked subject matter jurisdiction to hear this action.

Reversed.