1106

DICKS & GILLAM, INC., Respondent v. Alan CLELAND, d/b/a Creekmore Electric Company; and Betty C. Cleland, Defendants. Appeal of Betty C. CLELAND.

(367 S. E. (2d) 430)

Court of Appeals

*James B. Richardson, Jr.,* of *Richardson & Smith,* Columbia, *for appellant.*

*Miles Loadholt* and *J. Martin Harvey, Jr.* of *Blatt & Fales,* Barnwell, *for respondent.*

Heard Jan. 20, 1988.

Decided March 14, 1988.

GARDNER, Judge:

This appeal involves a suit by Dicks & Gillam, Inc., (D & G) on a contract performance bond against Betty C.

Cleland (Mrs. Cleland). The original suit was against both Mrs. Cleland (as surety) and her son Alan Cleland, d/b/a Creekmore Electric Company (as principal), to whom D & G had subcontracted a $597,000.00 job. The appealed order confirmed a special referee's report recommending judgment against Alan Cleland in the amount of $300,000.00 and a judgment against Mrs. Cleland in the amount of $60,000.00, the full amount of the performance bond. Upon entry of the appealed order's award of judgment against her, Mrs. Cleland appeals. We affirm.

Alan Cleland is an electrical contractor. Mrs. Cleland is Alan Cleland's mother. The record discloses that Mrs. Cleland has invested large sums of money in her son's business. She worked for her son and in her home had an extension of her son's office phone; she answered telephone calls to her son's office. The record also discloses that she handled other work for her son including disbursement of payroll checks.

In pertinent part the performance bond signed by Mrs. Cleland provides:

> Whenever principal shall be in default under the above-mentioned contract, surety reserves the right to notice of such default by certified mail-return receipt requested, and to (a) promptly remedy the default; (b) promptly complete the contract in accordance with its terms or conditions; or (c) allow obligee to arrange for completion of the contract, in which event the surety shall make available, as work progresses, sufficient funds to pay the costs of completion, less the unpaid balance of the contract price, but not exceeding, including all other costs and damages for which surety may be liable hereunder, the amount of Sixty Thousand and No/100 ($60,000.00) Dollars.

It will be noted that the above provision does not indicate the address at which Mrs. Cleland was to receive notice of default; nor does any other provision of the bond.

Alan Cleland failed to perform, despite the fact that Mrs. Cleland gave her son large sums of money to help him perform.

On March 15, 1984, D & G's attorney wrote to attorney

Anthony Trask about the problems it was encountering with Alan Cleland. The letter stated in pertinent part:

> You will recall that back in 1982 you represented Allen [sic] Cleland and Betty C. Cleland in regards to a performance bond for Creekmore Electric Company.

*   *   *   *   *   *

> Mr. William B. Gillam, of Dicks & Gillam, has advised that Mrs. Cleland is simply overdrawn on the job and there is around $215,000.00 to $240,000.00 in outstanding bills for labor and materials that must be paid. It is therefore going to be necessary for us [c]all on the performance bond and certificate of deposit to help satisfy this indebtedness.
>
> I would appreciate it if you would get in touch with your clients so that we can make arrangements to have the certificate of deposit liquidated and forfeited to Dicks & Gillam as soon as possible.

On March 23, 1984, Mrs. Cleland and Alan Cleland, with their lawyer, met with William Gillam, the president of D & G. Mrs. Cleland testified she understood her son told Gillam that unless D & G would renegotiate the subcontract, Creekmore "would not stay." Gillam testified that at the meeting Alan Cleland told him that Creekmore would not continue with the job. Mrs. Cleland left this conference early in order to make the payroll for her son.

D & G then mailed two envelopes, each containing a copy of the same letter dated April 10, 1984, giving notice of Creekmore's default. The inside address of the letter was:

> Mr. Alan Cleland
> Mrs. Betty C. Cleland
> Creekmore Electric
> Post Office Box 425
> Port Royal, South Carolina 29935

Mr. Gillam testified that this was the address to which the letters were sent. Both copies of the letters were sent by certified mail, return receipt requested; receipts were signed, one on April 11, 1984 and the other on April 12, 1984 by Alan Cleland.

Gillam also telephoned Mrs. Cleland after the March 23 meeting to inform her that he hired another subcontractor to complete the work. Gillam also testified that he advised Mrs. Cleland that Creekmore, as principal, and she, as surety, were still responsible for the job.

D & G took over the work and then sued Creekmore for the difference between the final cost of the work and the subcontract price (as adjusted through change orders). Mrs. Cleland was also named in this action because of her surety obligation.

Mrs. Cleland denied being notified of Creekmore's default. Both the referee and the circuit court, however, found that the mailing of the two certified letters addressed jointly to her and Alan Cleland to Creekmore's office was sufficient notice under the terms of the performance bond and that Mrs. Cleland also received actual notice of the demand for performance.

On appeal Mrs. Cleland asserts (1) that D & G failed to perform the condition precedent to sue on the bond, i.e., giving her notice by certified mail of her son's default and that the appealed order erred by holding that the condition precedent was performed; (2) the appeal order erroneously found that she received actual notice of the default and (3) that actual notice did not excuse the failure to give notice by certified mail.

In an action at law, on appeal of a case tried without a jury, findings of fact of the judge will not be disturbed on appeal unless found to be without evidence which reasonably supports the judge's finding; the rule is the same where the judge's findings are made with or without a reference. *Townes Associates, Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976).

Moreover, on appeal, this court is not unmindful that there is a presumption in favor of the correctness of a decree and that the burden of showing error by the trial judge is on the appellant. *Duckett v. Payne*, 279 S. C. 94, 302 S. E. (2d) 342 (1983); *Horton v. Greyhound Corporation*, 241 S. C. 430, 128 S. E. (2d) 776 (1962).

We hold that there is evidence of record to support the proposition that D & G complied with the requirement that Mrs. Cleland be notified by certified mail.

Although there was just one letter addressed both to Mrs. Cleland and her son, a copy of this letter was mailed in two separate envelopes to the business office of Alan Cleland. Mrs. Cleland testified that she was secretary to her son's company, that she answered the phone, ordered supplies, paid bills by writing checks and made payrolls to the employees. William Gillam, an officer of D & G, testified that he telephoned Mrs. Cleland and that she answered the phone and that he talked with her about her son's default. D & G had every reason to believe that a letter addressed to Mrs. Cleland at her son's place of business would be received by Mrs. Cleland. The surety contract, drawn by Mrs. Cleland's attorney, did not provide for mailing by certified mail, restricted delivery but simply by certified mail, return receipt requested. There is evidence to support the finding of the special referee and the trial judge that an envelope addressed to Mrs. Cleland at her son's business office, where D & G believed Mrs. Cleland was a secretary, would reach Mrs. Cleland. We therefore hold that the condition precedent of mailing to Mrs. Cleland notice of default by certified mail was performed.

Moreover, we have no doubt that Mrs. Cleland had actual notice of the default and D & G's election to exercise its rights under the performance bond; the evidence of record fully supports this proposition and we so hold.

If a surety has knowledge or was chargeable with the knowledge of a principal's default, the failure to give notice in a form required by the surety bond will not relieve the surety from liability. *Jack v. Craighead Rice Milling Co.*, 167 F. (2d) 96 (8th Circ. 1948), *cert. den.*, 334 U. S. 829, 68 S. Ct. 1340, 92 L. Ed. 1756 (1948); 72 C.J.S. *Principal and Surety*, Section 118 (1987).

The above rule is consonant with the well-established law that "no one needs notice of what he already knows." *Walker v. Preacher*, 185 S. C. 462, 467, 194 S. E. 868, 870 (1938).

For the above reasons, the judgment below is affirmed.

Affirmed.

SANDERS, C. J., and BELL, J., concur.