2534

Jennie PERRY, Appellant v. The ESTATE OF John L. PERRY and Jack L. Schoer, Esquire as Escrow Agent, Respondents.

(473 S.E. (2d) 860)

Court of Appeals

234

*Gregory P. Harlow*, Aiken, *for appellant.*

*Raymond A. Dufour (for the Estate of Perry);* and *Jack L. Schoer*, Aiken, *for respondents.*

Submitted June 4, 1996.

Decided July 8, 1996.

HOWELL, Chief Judge:

Jennie Perry appeals the trial judge's order which refused to: (1) allow her a pro-rata award of alimony for the month in which her former husband died; (2) accept her valuation of missing personal property; and (3) allow credit for repairs and expenses necessary to sell the marital home.[1] We affirm.

## I. FACTS

Jennie Perry (the Wife) and John L. Perry (the Husband) married on August 22, 1964. The parties had three children, all of whom were emancipated at the time of the hearing. In an order dated November 12, 1992, the family court awarded the wife $1,500.00 per month in periodic alimony. The court denied the wife's request for a divorce on the ground of physical cruelty. The family court awarded the Husband $92,197.58 in assets and awarded the Wife $97,641.01 in assets. The court gave the Husband the option to either keep the marital home and pay the Wife $40,000.00 within 45 days or sell the home and divide the net proceeds equally. At the hearing the Wife presented two lists which separated and valued the parties' personal property. In its order the court essentially adopted the Wife's lists. The Husband was granted a divorce based on one year's continuous separation without cohabitation by an order dated November 16, 1993.

---

[1] Because oral argument would not aid the court in resolving the issues, we decide this case without oral argument.

In its order of January 12, 1994, the Husband was found in contempt for failing to abide by the November 12, 1992 order. The Wife was granted use and possession of the marital home pending its sale and given the authority to sell it. The court also found the Husband $3,000.00 in arrears in alimony payments. The court ordered the $3,000.00, as well as any future accrued alimony payments, paid out of the Husband's share of the house proceeds. The Wife was also given the right to present valuation of any personal property belonging to the Wife that the Husband had taken.

The Husband committed suicide on April 10, 1994. His brother, William Perry (William), is the personal representative of the Husband's estate. During the hearing on November 30, 1994, the Wife claimed the Husband took her personal property with him when he moved to West Virginia. The Wife testified as to the items and their value. The Wife testified the total value of missing personal property was $43,245.00. The Wife also introduced a list of expenses totalling $11,074.70, but agreed to delete everything from the list except expenses related to the sale of the home and car repairs.

The parties' son, Steven James Perry, testified he thought the Husband took all the household items to West Virginia, but admitted on cross-examination he never saw the Husband in possession of the missing items and did not visit him in West Virginia. William testified he helped the Husband move, the Husband's property was stored in his garage and he had not seen the missing items among the Husband's property. In its order dated January 5, 1995, the family court awarded the Wife $2,720.00 for the missing personal property. The family court found the Husband owed the Wife $9,000 in alimony at his death.[2] Therefore, the family court award totalled $11,720.00.[3] The Husband's estate's share of proceeds from the sale of the house are in an escrow account pending the outcome of this case.

## II. SCOPE OF REVIEW

In appeals from the family court, this court has jurisdiction to find facts in accordance with its view of the preponderance of the evidence. *Epperly v. Epperly,* 312

---

[2] The Husband owed the Wife alimony payments for October 15, 1993 through March 15, 1994 ($1,500.00 per month x 6 months = $9,000.00).

[3] The Husband's estate did not appeal this award.

S.C. 411, 440 S.E. (2d) 884 (1994). The broad scope of this review, however, does not require this court to disregard the findings of the trial judge. *Stevenson v. Stevenson,* 276 S.C. 475, 279 S.E. (2d) 616 (1981). Nor are we required to ignore the fact the family court judge saw and heard the witnesses and was in a better position to evaluate their testimony. *Cherry v. Thomasson,* 276 S.C. 524, 280 S.E. (2d) 541 (1981).

## III. DISCUSSION

This case involves the issue of whether a vested interest in marital property arising from marital litigation survives the death of a spouse. Section 20-7-420 provides the family court with exclusive jurisdiction over a divorce and the settlement of all legal and equitable rights of the parties to the real and personal property of the marriage. S.C. Code Ann. § 20-7-420(2) (Supp. 1995). Section 20-7-471 provides that "[d]uring the marriage a spouse shall acquire . . . a *vested* special equity and ownership right in the marital property . . . subject to apportionment between the spouses by the family courts. . . ." S.C. Code Ann. § 20-7-471 (Supp. 1995) (Emphasis added). Further, marital litigation is not abated by the death of a spouse. *Hodge v. Hodge,* 305 S.C. 521, 409 S.E. (2d) 436 (Ct. App. 1991). Therefore, the family court has continuing jurisdiction to resolve the issues between the parties pertaining to their divorce.

### A. *Alimony*

The Wife contends she is entitled to $1,300.00 in alimony, which represents a pro-rata share of alimony for the last 26 days of the Husband's life. We disagree.

Alimony is a substitute for the legal duty to support one's spouse. *McNaughton v. McNaughton,* 258 S.C. 554, 189 S.E. (2d) 820 (1972). At common law, the obligation to pay periodic alimony terminates at death. *McCune v. McCune,* 284 S.C. 452, 327 S.E. (2d) 340 (1985) (holding the duty of support is owed by a divorced spouse, not by a deceased divorced spouse's beneficiaries or heirs at law); *Kennedy v. Kennedy,* 270 S.C. 358, 242 S.E. (2d) 417 (1978). However, the obligation for alimony may survive death, as long as a spouse agrees to bind his estate. *White v. White,* 210 S.C. 336, 42 S.E. (2d) 537 (1947) (allowing payments after spouse's

death, but specifically noting the divorce decree was written to allow it).

Here both parties agree alimony terminated on the Husband's death. Further, neither party disputes that at the time of his death, the Husband was six months behind in his alimony payments. However, the Wife argues alimony is paid in arrears and, therefore, the Husband owed her a pro-rata share of the alimony payment due on April 15, 1994 (five days *after* his death). The Wife contends she is entitled to $1,300.00 for alimony from March 16, 1994 through April 10, 1994. The Husband's estate argues alimony is paid in advance and the Husband's alimony paid on March 15, 1994 extended to his death on April 10, 1994.

In its order dated November 12, 1992, the family court ■ ordered the Husband to pay $1,500.00 alimony per month "commencing on November 15, 1992 and on the 15th of every month thereafter." There is nothing in this language to indicate the alimony was paid in arrears, as the Wife contends. We find the alimony was paid in advance, and, therefore, the Wife's interest in the alimony due on April 15, 1994 would not have vested until April 15, 1994. Therefore the Wife is not entitled to any alimony beyond the $9,000.00 awarded by the court.

### B. *Valuation of Personal Property*

The Wife contends the trial court improperly refused her valuation given on missing personal property. We disagree.

In dividing marital property, the family court must ■■ identify both real and personal property and determine the fair market value of the identified property. *Toler v. Toler*, 292 S.C. 374, 356 S.E. (2d) 429 (Ct. App. 1987). In the absence of contrary evidence, the court should accept the value the parties assign to a marital asset. *Noll v. Noll*, 297 S.C. 190, 375 S.E. (2d) 338 (Ct. App. 1988).

In its order dated November 12, 1992, the family court ordered personal property to "be divided according to [the] attached list which is essentially [the Wife's] exhibit #6." Therefore, the family court identified the personal property and determined the fair market value by accepting the Wife's valuations. Then, in its order dated January 12, 1994, the court found the Wife "shall also have the right to present a valuation

of any personal property belonging to the wife which has been taken by the husband." On November 30, 1994, after the Husband's death, the Wife presented a new list. This list contained: (1) new values for items previously identified and valued in the 1992 order; (2) value on items which were on the 1992 list but had no value; and (3) items which had not been on the previous list.

### 1. *Increased Valuation*

Personal property which the Wife claims is now missing was originally valued at $2,720.00. At the 1994 hearing, the Wife placed higher values on the same personal property. The personal property valuation increased to $18,595.00. The Wife contends the difference in price is the replacement value and sentimental value. The value given personal property should be its fair market value. *See Nelson v. Coleman Co.*, 249 S.C. 652, 155 S.E. (2d) 917 (1967) (noting valuation of personal property must not include any fanciful or sentimental value which the owner may place on the item).

The trial court determined the correct value was the value originally represented to the court. The court stated "[i]n comparing the list exhibited into evidence with the original list as previously Ordered, it is obvious [the Wife] has unreasonably inflated the value of the personal property." The trial court's findings come to us with a presumption of correctness. *Dicks & Gillam, Inc. v. Cleland*, 295 S.C. 124, 367 S.E. (2d) 430 (Ct. App. 1988). The burden is on the appellant to demonstrate the family court committed reversible error. *Id.*

> Our duty in equity cases to review challenged findings of fact as well as matters of law does not require that we disregard the findings below or that we ignore the fact that the trial judge, who saw and heard the witnesses, was in [a] better position than we are to evaluate their credibility; nor does it relieve appellant of the burden of convincing this court that the trial judge erred in his findings of fact.

*Inabinet v. Inabinet*, 263 S.C. 52, 55-56, 113 S.E. (2d) 66, 67 (1960).

We conclude the family court did not commit error by accepting the Wife's original valuation of her personal proper-

ty and refusing to increase the value of the personal property after the Husband's death.

## 2. *Items with No Value Given*

There were four items listed on the 1992 list with no value given which the Wife claims are now missing. The Wife contends these items now have a value of $13,000.00. A property owner is qualified to testify as to its value. *Toler*, 292 S.C. at 374, 356 S.E. (2d) at 429. The Wife did not place any value on these items on her 1992 list. Although she introduced evidence in 1994, the family court chose to rely on the Wife's original valuation. The judge was in a position to assess the credibility of the Wife. We will not disturb his discretionary ruling.

## 3. *Items Not on Original List*

The Wife seeks to recover the value of personal property totalling $11,650.00 which was not identified on the original list nor prior to the Husband's death. These items were not identified or apportioned by the court in its 1992 order. The Wife admits ninety-nine percent of the property on the 1994 list was her property prior to marriage. Property acquired by either party before the marriage is nonmarital property. S.C. Code Ann. § 20-7-473 (Supp. 1995). The family court does not have jurisdiction over nonmarital property. *Sims v. Sims*, 290 S.C. 190, 348 S.E. (2d) 835 (1986) (holding family court is a court of limited jurisdiction under § 20-7-420(2) and noting statute does not give family court jurisdiction to hear cases involving nonmarital property). Therefore, the family court did not err in failing to award the value of nonmarital property.

## C. *Home and Car Repair Expenses*

The Wife claims she is entitled to a credit for expenses necessary to sell the marital home and car repair expenses. During the hearing, the Husband's estate objected to these expenses because they were not requested in the pleadings. The family court agreed and held expenses the Wife incurred for the sale of the home and car repairs were not part of the pleadings. The family court has exclusive jurisdiction to hear and determine actions concerning marital property "if requested by either party in the pleadings." S.C. Code

Ann. § 20-7-420(2) (Supp. 1995); *see Sims,* 290 S.C. at 191, 348 S.E. (2d) at 836 (holding property was not properly before the court where the husband deeded interest in real property to the wife prior to divorce and the divorce pleadings did not mention the real property).

Accordingly, we affirm the trial court's finding in favor of the Husband regarding alimony, personal property valuation and home and car expenses.

Affirmed.

HEARN and HUFF, JJ., concur.