20903

Elbert P. WATTS and Margaret Watts, Appellants, v. MONARCH BUILDERS, INC., and Richard V. Walters, Individually, Respondents.

(252 S. E. (2d) 889)

*Patrick E. Knie* of *Knie & White,* Spartanburg, *for appellants.*

*Franklin W. Allen,* Spartanburg, *for respondents.*

March 5, 1979.

GREGORY, Justice:

Appellants Elbert P. Watts and Margaret Watts brought this action against respondents Monarch Builders, Inc., and Richard V. Walters to recover actual and punitive damages for alleged fraud in the inducement of a contract to purchase real property. This appeal is from the order of the lower court granting respondents' motion for summary judgment. We affirm.

On appeal from an order granting respondents' motion for summary judgment we are required to review the evidence and all reasonable inferences therefrom in the light

most favorable to appellants. Summary judgment should be granted under Circuit Court Rule 44 only when it appears from the pleadings, depositions and affidavits that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *Gold v. South Carolina Board of Chiropractic Examiners,* S. C., 245 S. E. (2d) 117 (1978).

Viewed in this light the transcript of record reveals that in January 1975 appellants contacted respondents by telephone and expressed a desire to purchase a house and lot with lake frontage. Appellants were shown a house and lot fronting on Lake Bowen described only as Lot No. 39 of the Iris M. Wilson Subdivision and appearing on a plat recorded with the Spartanburg County Register of Mesnes Conveyances. No other description of the property was given to appellants.

On the day appellants viewed Lot No. 39 it was raining and most of the property inspection took place inside the house. At one point Mr. Watts and respondent Richard V. Walters, an agent of Monarch Builders, Inc., walked out of the house and onto the lot and Mr. Walters pointed out the general location of the property lines. The two men did not walk the boundary; Mr. Walters did not specify the metes and bounds; and Mr. Watts never asked to be shown the corner stakes.

Prior to the closing date, Mr. and Mrs. Watts' attorney performed a routine title search of the property. The attorney was not asked to review the metes and bounds of the property. Mr. and Mrs. Watts did not have a survey made of the property lines and never examined the plat of the property which is of record in the Spartanburg County Register of Mesnes Conveyances. This plat clearly reveals the boundaries of the property.

The contract of sale does not contain a metes and bounds description of the property but refers to it simply as Lot No. 39.

Shortly afer Mr. and Mrs. Watts acquired Lot No. 39, an adjacent lot was sold and a dispute arose over the location of the property lines. Reference to the plat of record revealed the metes and bounds of the property. Mr. and Mrs. Watts, believing their lot to be more than forty five feet wide as shown on the plat, brought this action for fraud to recover actual and punitive damages. The complaint alleges that Monarch Builders, Inc. fraudulently misrepresented the property lines.

The lower court granted Monarch Builders, Inc.'s motion for summary judgment after finding that no genuine issue of material fact existed. This appeal followed.

The contract of sale is clear and unambiguous. The property is described as follows:

. . . Lot No. 39 of the Iris M. Wilson Subdivision by a certain plat made for Iris M. Wilson by J. Q. Bruce recorded July 24, 1967, in Plat Book 55 at page 89, RMC Office for Spartanburg County. For a more complete description reference is made to the aforesaid plat.

Mr. and Mrs. Watts contend they relied on Mr. Walters' representation of the property lines. It is uncontroverted, however, that Mr. Walters never repesented to Mr. and Mrs. Watts the precise metes and bounds of the property. Mr. Walters' description of the property lines was very general. Mr. and Mrs. Watts viewed the property but failed to examine it closely and determine the location of the property lines. Mr. and Mrs. Watts never asked for a description of the property and never examined the plat of Lot No. 39.

This is not a case of fraudulent misrepresentation. This is a case where two purchasers chose to shut their eyes and contract for the purchase of a house and lot without first determining either the size or the boundaries of that lot. Mr. and Mrs. Watts viewed the property and employed an attorney to perform a title search of the property. If they failed

to examine the property as closely as they should, or if they failed to request their attorney to provide them a metes and bounds description, these were matters of their own volition. There is no evidence of fraud, and there is no evidence that Mr. and Mrs. Watts were hindered in their investigation of the property.

In the absence of fraud the construction of the contract of sale became a matter of law for the court and there was no issue of fact to submit to the jury. *Thomas v. Jeffcoat*, 230 S. C. 126, 94 S. E. (2d) 240 (1956).

Accordingly, the order of the lower court granting respondents' motion for summary judgment is affirmed.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and RHODES, JJ., concur.