769 S.E.2d 250

**FREWIL, LLC, Respondent,**

v.

**Madison PRICE and Carter Smith, Appellants.**

**Appellate Case No. 2012–213055.**

**No. 5293.**

Court of Appeals of South Carolina.

Heard Dec. 9, 2014.

Decided Feb. 4, 2015.

Joseph Francis Runey, of Charleston, for Appellants.

John A. Massalon and Irish Ryan Neville, both of Wills Massalon & Allen LLC, of Charleston, for Respondent.

KONDUROS, J.

In this lease dispute, Madison Price and Carter Smith appeal the circuit court's grant of summary judgment in favor of Frewil, LLC on its claim for breach of contract. Price and Smith further appeal the circuit court's grant of summary judgment in Frewil's favor as to their counterclaims. We reverse.

## FACTS/PROCEDURAL BACKGROUND

Price and Smith were prospective students planning to attend the College of Charleston. In April 2009, they contacted David Abdo, a Frewil employee, about renting an apartment at the beginning of the Fall semester. According to both Price and Smith, they informed Abdo they wanted an apartment with a washer/dryer and dishwasher. Price went

to see the apartment with an assistant of Abdo's and testified in her affidavit she was told tenants were occupying the apartment and she would only be able to look at it quickly. She was "rushed around the living room and two bedrooms" and "only spen[t] a few minutes looking at the inside of the unit." Smith indicated she viewed the apartment with Carl Dietz, an independent contractor who worked for Frewil, and was "not allowed to inspect the apartment because there were tenants living there." Her affidavit states she was "only allowed to look at [the apartment] for less than a minute" and "not allowed to go beyond the foyer." Price and Smith attested they asked Abdo and Dietz at the time of signing the lease if the apartment had a washer/dryer and dishwasher and they were told yes. They signed the lease and other documents including a policies agreement and security deposit agreement.

In August 2009, when they arrived to move in, Price and Smith discovered the apartment did not contain a washer/dryer or dishwasher. They told Dietz the apartment was unacceptable, and they discussed moving into another Frewil unit that did contain a washer/dryer and dishwasher or to which a washer/dryer connection and dishwasher might be able to be added at a later date. Neither of those alternatives worked out, and Price and Smith found alternate housing.

Abdo sent a letter to Price's and Smith's parents indicating Frewil would retain its security deposit on the apartment and seek to mitigate damages by renting it. Frewil did rent the apartment but at a lesser rent than Price and Carter had agreed to under the terms of their lease. Frewil filed suit for breach of contract or in the alternative, unjust enrichment or quasi contract/quantum meruit. Price and Smith counterclaimed for negligent misrepresentation, breach of contract accompanied by a fraudulent act, and violation of the South Carolina Landlord Tenant Act.

The circuit court granted summary judgment to Frewil stating no genuine issues of fact existed, the lease was unambiguous that it contained no washer/dryer or dishwasher, Smith and Price signed the lease, and they committed an unjustified failure to perform their obligations under the lease. The circuit court reasoned any representations by Abdo or

Dietz were not part of the lease and were subsumed by the merger clause contained therein. With respect to Price's and Smith's counterclaims, the circuit court stated fraud could not be proven when they had the opportunity to inspect the apartment, removing any reliance they could have had on the representations regarding the disputed appliances. The court further indicated Smith and Price signed the lease even though it was unambiguous the unit did not contain a dishwasher or washer/dryer. This appeal followed.

## LAW/ANALYSIS

Smith and Price contend the circuit court erred in granting Frewil's summary judgment motion. They contend the lease was ambiguous thereby permitting the introduction of parol evidence revealing genuine issues of material fact regarding Frewil's breach of contract claim. We agree.

If a writing, on its face, appears to express the whole agreement between the parties, parol evidence cannot be admitted to add another term thereto. However, where a contract is silent as to a particular matter, and ambiguity thereby arises, parol evidence may be admitted to supply the deficiency and establish the true intent.

*Columbia East Assocs. v. Bi–Lo, Inc.*, 299 S.C. 515, 519, 386 S.E.2d 259, 261 (Ct.App.1989). "For, generally, parol evidence is admissible to show the true meaning of an ambiguous written contract." *Id.* "Such a contract is one capable of being understood in more ways than just one, or an agreement unclear in meaning because it expresses its purpose in an indefinite manner." *Id.* "When an agreement is ambiguous, the court may consider the circumstances surrounding its execution in determining the intent." *Id.* at 519–20, 386 S.E.2d at 261. "Where the contract is susceptible of more than one interpretation, the ambiguity will be resolved against the party who prepared the contract." *Id.* at 520, 386 S.E.2d at 262. "[I]t would be virtually impossible for a contract to encompass all of the many possibilities which may be encountered by the parties. Indeed, neither law, nor equity, requires every term or condition to be set forth in a contract." *Id.* If a situation is unaddressed in a contract, the court may look to the circumstances surrounding the bargain as an aid in determining the parties' intent. *Id.*

In this case, the circuit court relied upon the merger clause and the lease itself to conclude the girls had breached the lease as a matter of law. However, if a contract is subject to more than one interpretation, it is ambiguous and parol evidence is admissible. Frewil contends, and the circuit court found, the lease unambiguously states the unit does not contain a washer/dryer or dishwasher. However, the lease states any overflow from washing machines or dishwashers is the responsibility of the tenant. Additionally, the Security Deposit Agreement, specifically made part of the lease by section 22C of the lease, indicates the dishwasher must be clean in order for the tenant to receive a return of the security deposit. The lease does not explicitly indicate what appliances are or are not in the unit. Because the lease is ambiguous on this point, parol evidence was admissible. As these appliances are mentioned and Price and Smith allege they were told the washer/dryer and dishwasher were included, the circuit court erred in concluding the lease and its merger clause precluded any challenge to Frewil's breach of contract claim as a matter of law.

Smith and Price also allege the circuit court erred in dismissing their counterclaims at the summary judgment stage. We agree.

"Neither the parol evidence rule nor a merger clause in a contract prevents one from proceeding on tort theories of negligent misrepresentation and fraud." *Slack v. James,* 364 S.C. 609, 616, 614 S.E.2d 636, 640 (2005). "[I]f [a] writing was procured by words and with fraudulent intent of [the] party claiming under it, then parol evidence is competent to prove facts which constitute fraud." *Id.* "Whether reliance is justified in a given situation requires an evaluation of the circumstances involved, including the positions and relations of the parties." *Redwend Ltd. P'ship v. Edwards,* 354 S.C. 459, 474, 581 S.E.2d 496, 504 (Ct.App.2003) (internal quotation marks omitted).

What constitutes reasonable prudence and diligence with respect to reliance upon a representation in a particular case and the degree of fault attributable to such reliance will depend upon the various circumstances involved, such as the form and materiality of the representation, the

respective intelligence, experience, age, and mental and physical condition of the parties, the relation and respective knowledge and means of knowledge of the parties, etc.

*Id.* at 475, 581 S.E.2d at 504 (internal quotation marks omitted). "The general rule is that questions concerning reliance and its reasonableness are factual questions for the jury." *Unlimited Servs., Inc., v. Macklen Enters., Inc.,* 303 S.C. 384, 387, 401 S.E.2d 153, 155 (1991). "Issues of reliance and its reasonableness, going as they do to subjective states of mind and applications of objective standards of reasonableness, are preeminently factual issues for the triers of the facts." *Starkey v. Bell,* 281 S.C. 308, 313, 315 S.E.2d 153, 156 (Ct.App. 1984).

▮▮▮ The circuit court concluded Price's and Smith's claims for fraud and negligent misrepresentation failed as a matter of law because they read and signed the agreement and inspected the premises. However, in this case, as discussed above, the lease mentioned the disputed appliances and did not specifically exclude them. Smith and Price alleged they had been told the appliances were included. Furthermore, they alleged they were prevented by the Frewil representative from conducting a full inspection of the apartment because it was occupied. These allegations create questions of fact for a jury regarding the reasonableness of their reliance on representations the unit contained a dishwasher and washer/dryer. *See Watts v. Monarch Builders, Inc.,* 272 S.C. 517, 519–20, 252 S.E.2d 889, 891 (1979) (finding *absent* allegations purchasers were hindered in their investigation of the property or were told specific facts regarding metes and bounds, no fraudulent misrepresentation could be established).

Based on all of the foregoing, we conclude the circuit court erred in granting summary judgment to Frewil as to its breach of contract claim and with respect to Price's and Smith's counterclaims. Therefore the order of the circuit court is

**REVERSED.**

HUFF and SHORT, JJ., concur.